Ernest JONES

v.

Peter SUHRE.

Supreme Judicial Court of Maine.

Oct. 2, 1975.

R. James Davidson, Waldoboro, for plaintiff.

Berman, Berman & Simmons, P. A., Jack H. Simmons, Robert A. Laskoff, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

The Plaintiff in this action, Ernest Jones, owned a pulp truck which he used commercially to haul pulp logs. On July 19, 1973, the defendant, Peter Suhre, collided with the plaintiff's truck, and the plaintiff, alleging negligence, sued in District Court on the following complaint:

"NOW COMES the Plaintiff, Ernest Jones, and by and through his attorney R. James Davidson, complains of the defendant as follows:

1. That on July 19, 1973, while operating his 1964 Chevrolet truck in Winthrop, Maine, the Defendant negligently collided with the Plaintiff's pulp truck.

2. That as a result of Defendant's negligence Plaintiff has suffered damages to said truck.

3. That as a result of Defendant's negligence Plaintiff was unable to use said truck for a period of several months.

4. That as a result of this loss of use Plaintiff has been damaged.

5. Wherefore the Plaintiff demands judgment against the Defendant for the sum of four thousand ($4,000.00) dollars, plus interest and costs."

The defendant served upon the plaintiff a Request for Admission of the truth of certain matters,[1] and at the same time filed a Motion to Dismiss, on the grounds (1) that plaintiff failed to state a claim upon which relief can be granted, (2) that the damages alleged by plaintiff were not recoverable in

Maine as a matter of law, and (3) that the plaintiff was attempting to split his cause of action for property damage in contravention of the laws of the State. The plaintiff answered the defendant's Request for Admission [2] admitting, in pertinent part, that he was insured and had settled his claim for property damages with his own insurance company, but denying that he had executed any subrogation agreement authorizing plaintiff's insurer "to proceed against defendant or his carrier for property damage resulting from the accident of July 19, 1973."

At the same time, the plaintiff moved to amend his complaint by adding Count II as follows:

### "COUNT II

1. That on July 19, 1973, while operating his 1964 Chevrolet truck in Winthrop, Maine, the Defendant negligently collided with the Plaintiff's pulp truck.

2. That as a result of Defendant's negligence Plaintiff has suffered damages to said truck; said damages amount to $1700.00.

3. Wherefore the Plaintiff demands judgment against the defendant for the sum of seventeen hundred ($1700.00) dollars, plus interest and costs."

Although the defendant's Motion to Dismiss and the plaintiff's Motion to Amend were assigned for hearing on the same day, the record shows no ruling by the District Court Judge on the Motion to Amend Complaint, but shows only a notation that the attorneys would file "memo of law on question of 'loss of commercial use' within two weeks." Memos which treated the issues of "loss of commercial use" and "split cause of action" were sub-

---

1. Dist.Ct.Civil Rules, Rule 36.

2. Pursuant to an objection by the defendant concerning the late attestation to the Sworn Statement in Answer to the Request for Admission, the District Court Judge permitted the plaintiff to file an amended Sworn Statement "within five days". The plaintiff complied, and his amended answers were identical to those he first filed.

mitted, and the Judge subsequently allowed the defendant's Motion to Dismiss. This action is reflected only by the following entry in the record:

> "7/30/74
> Within Motion to
> dismiss allowed
> [Judge's initials]
> See letter of 7/30/74"

No action was taken on plaintiff's Motion to Amend. As the record does not include the "letter of 7/30/74", we are not informed as to the grounds upon which the District Court Judge dismissed the plaintiff's suit.[3]

Following the dismissal, the plaintiff appealed to the Superior Court, and, according to a letter (which *was* made part of the record) from the defendant's counsel to the Clerk of the Superior Court, the parties agreed that the matter should be determined upon "the pleadings now on file together with the three memorandums of law already filed in the District Court proceedings."

The presiding Justice of the Superior Court, in his decision, suggested that the parties had overlooked 14 M.R.S.A. § 1454 which provides that

> ". . . reasonable rental costs actually expended for a replacement motor vehicle during such time, not to exceed 30 days, as the damaged motor vehicle could not be operated or during such

time, not to exceed 30 days, as is required to obtain a replacement motor vehicle for the destroyed motor vehicle"

are recoverable in an action for destruction of or damage to a motor vehicle. The Justice added that

> "[i]t would also appear that the statute does require actual expenses and would foreclose recovery in any other situation,"

and he remanded the case to the District Court *for determination of any expenses that would accrue under the statute he had cited.*

From this decision of the Superior Court Justice, the plaintiff appealed to us claiming error in the Court's finding that 14 M.R.S.A. § 1454 "forecloses or precludes recovery for the damages resulting from the loss of use of a commercial vehicle, other than actual rental expenses."

However, the uncertainties of the record have so obscured the issues that the matter as now presented to us on appeal is unready for decision on the merits—as it was also unready when it came before the Justice in the Superior Court.

Our first concern is with the failure of the District Court Judge to rule on the plaintiff's motion to amend his complaint.[4]

 Generally, a party is entitled to a ruling on a motion. 60 C.J.S. Motions and

---

3. The record does include, in a Decision by the Superior Court Justice who heard the case on appeal, that

 "On July 30, 1974, the Sixth District Court of the State of Maine dismissed Mr. Jones' action on the grounds that existing Maine law does not allow recovery for the loss of use of a commercial vehicle."

 However, *as far as the record reveals*, this would appear to be speculation on the Justice's part. Furthermore, if the Justice was correct in his surmise, it would leave undetermined the issue of damages suffered to the truck itself.

4. The plaintiff makes no claim that he was entitled to one amendment *as a matter of course* under M.R.C.P., Rule 15(a) (which was made applicable to District Court procedure by D.C.C.R., Rule 15) and, as the question whether defendant's three-pronged Motion to Dismiss is in any part a responsive pleading was not argued, we intend to suggest no opinion on the question. Field, McKusick and Wroth, Maine Civil Practice, § 15.2.

Orders § 38. However, either failure on the part of the moving party to proceed with a motion or action by that party in a manner inconsistent with the object of the motion prior to determination of the motion may constitute waiver or abandonment of the motion. 60 C.J.S. Motions and Orders § 42.[5]

In the present instance, the record does not suggest that the plaintiff failed to press the matter, nor does it suggest inconsistent subsequent action. One statement in the memorandum written by the plaintiff (which was requested by the Judge on June 13, 1974, the same day the Motion to Amend was to be brought for hearing) suggests that the plaintiff not only expected the Judge to rule on the Motion to Amend, but also that he depended upon the amendment as an answer to one ground for the defendant's Motion to Dismiss, namely "that the plaintiff has split his cause of action concerning property damages and loss of commercial use." [6]

It is possible that in the "letter of 7/30/74", which purportedly explained the Judge's decision to allow the defendant's Motion to Dismiss, the District Court Judge made some reference to the plaintiff's Motion to Amend, but the letter was not made a part of the record, and we remain uninformed as to any action the Judge might have taken regarding the Motion to Amend. On the record, it appears that the District Court Judge took no action regarding the motion, and that the plaintiff neither waived nor abandoned his motion. Consequently, we believe the District Court Judge took no action regarding the motion, and that the plaintiff neither waived nor abandoned his motion. Consequently, we believe the District Court Judge had the obligation to rule on the motion, which he failed to do. Without such a ruling by the Judge, the case was prematurely before the Superior Court.

Therefore, the Justice in the Superior Court was correct in reversing the judgment in defendant's favor and remanding the case to the District Court, but he was incorrect in limiting the purpose of the remand—that is, for determination on any expenses that would accrue under 14 M.R.S.A. § 1454. In addition to the plaintiff's right to a ruling on his Motion to Amend, paragraph 2 of his complaint had already alleged damage to his truck in addition to loss of use.[7] The Justice seems to have assumed that the plaintiff's only claim is for *loss of use* of the truck and that the Judge decided the case on *that* issue of law. On the contrary, plaintiff's original claim for damages for injury to the truck itself appears never to have been

---

5. In *Atchison, T. & S. F. Ry. Co. v. Parr,* 96 Ariz. 13, 391 P.2d 575 (1964), the Arizona Court held that motions not ruled upon are denied by operation of law.

 In view of our liberal policy toward motions to amend and the apparent absence of any possibility of prejudice to the defendant, we are unwilling to apply such a rule in this situation. Maine Civil Practice, *supra,* § 15.1.

6. The plaintiff wrote:
 "II. Should the Plaintiff's complaint be dismissed because he is splitting his cause of action?
 The plaintiff has brought a motion to amend his complaint so that the cause of action will not be split. This motion is brought under Rule 15 of the Maine Rules of Civil Procedure. It states that 'leave shall freely be given when justice so requires.' Rule 15.1 states 'that the purpose is to facilitate the disposition of litigation on the merits and to subordinate the importance of pleadings.'
 Wherefore the plaintiff moves that the defendant's motion to dismiss be denied."

7. We point out that the complaint demands judgment for $4000 including the claim for injury to the truck, while the proposed Count II again requests damages for the injury to the truck in the amount of $1700. Further amendment could clarify this and also make clear whether plaintiff makes any claim under 14 M.R.S.A. § 1454.

withdrawn and perhaps never was ruled upon in the District Court.

We consider that the Judge in the District Court acted prematurely in granting defendant's motion to dismiss before ruling upon plaintiff's motion to amend.

The entry must be:

Appeal sustained.

The decision of the Justice of the Superior Court is ordered vacated.

The decision of the Judge of the District Court is ordered vacated.

The case is remanded to the District Court for further action consistent with this opinion.

All Justices concurring.