## A. DEAN CORPORATION, d/b/a Dean Tire

v.

## Robert L. WHITE, d/b/a Tire King.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1981.

Decided May 22, 1981.

* GLASSMAN, J., sat at argument and participated in conference but died before the opinion was adopted.

Craig F. Evans (orally), Michael, Jones & Wensley, Rochester, N.H., for plaintiff.

Gary H. Reiner (orally), Kittery, Maine, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

WERNICK, Justice.

Robert L. White has appealed from the judgment of the Superior Court (York County) denying him relief from a default judgment. M.R.Civ.P. 55(c), 60(b)(1). We deny the appeal and affirm the judgment.

Only a small part of the lengthy procedural history of this case is pertinent to this

appeal. After the plaintiff A. Dean Corporation had brought its action against defendant Robert L. White, d/b/a Tire King, alleging in the complaint that defendant was indebted to it for $7,556.18, defendant appeared (by attorney) but never filed an answer to the complaint. Approximately four months after the action had been commenced, plaintiff moved for and was granted a default, as well as a default judgment, after notice and hearing, in the amount sought by the complaint.

Some six weeks after the default judgment was entered defendant, acting *pro se*,[1] filed a "Motion to Strike Default", alleging that his default was occasioned by his attorney's neglect. After some procedural activity not relevant here, the Superior Court held a hearing on and denied defendant's motion. Both parties and the Superior Court treated defendant's motion as a Rule 60(b)(1) motion for relief from the default judgment.[2]

■ Such a motion for relief from judgment is addressed to the sound discretion of the Superior Court; the hearing justice's ruling is reviewable in this Court only for abuse of discretion. *Laurel Bank and Trust Co. v. Burns*, Me., 398 A.2d 41, 45 (1979); *Sheepscot Land Corporation v. Gregory*, Me., 383 A.2d 16, 20 (1978); *Maiorino v. Morris*, Me., 367 A.2d 1038, 1039 (1977). When a hearing justice considers a 60(b)(1) motion for relief from a default judgment, he should consider whether the defaulted party had a reasonable excuse for the default and a meritorious defense to the action. *Sheepscot Land Corporation v. Gregory*, supra, at 24; *Willette v. Umhoeffer*, Me., 245 A.2d 540, 542 (1968). As to the factual circumstances constituting a ground for relief, the rule is that the moving party bears the ultimate burden of proof by a

preponderance of the evidence. *Sheepscot Land Corporation v. Gregory*, supra, at 20; *Willette v. Umhoeffer*, supra, at 542–43. The defaulted party must adduce the *facts* showing a reasonable excuse for the default and a meritorious defense. *Id.* The mere assertion that a meritorious defense exists is insufficient to support a motion to set aside a default judgment. *Sheepscot Land Corporation v. Gregory*, supra, at 24.

■ In the instant case, the defendant alleged in his motion that his attorney's neglect was the sole cause of his default, and that he had a valid defense to the complaint and a counterclaim arising from the same facts complained of by the plaintiff. Four letters written to the defendant by his former attorney were part of the record before the Superior Court. These letters reveal that although there was a fee dispute between defendant and his attorney, the attorney had made sustained efforts to communicate with his client and to prepare a defense. In the face of these letters and a sworn affidavit by the attorney that defendant had persistently refused to communicate with the attorney, defendant made no contrary factual showing of the attorney's neglect. Thus, he simply failed to meet his burden of showing a reasonable excuse for default. *See Sheepscot Land Corporation v. Gregory*, supra, at 20.

Similarly, although defendant alleged that he had a meritorious defense and a counterclaim, he made no factual showing of either. Being thus aware of these potential grounds for relief under Rule 60(b)(1) and failing to make a factual showing as to them at the hearing, defendant has lost them by procedural default. *Laurel Bank and Trust Co. v. Burns*, supra, at 44; *Wil-*

1. Shortly after entry of the default judgment, the defendant's attorney sought and was granted leave from the Superior Court to withdraw as counsel.

2. Although the defendant's motion was captioned as a "Motion to Strike Default", which would characterize it as a motion under M.R. Civ.P. 55(c), the text of that Rule makes clear that if a default *judgment* (as well as a default)

has been entered, the court may, in its discretion, set aside the judgment in accordance with the provisions of Rule 60(b)(1). For that reason, and also because both parties and the Superior Court justice dealt with the motion as mis-captioned and as really a motion under Rule 60(b)(1), we will regard the action of the Superior Court as deciding a Rule 60(b)(1) motion.

*lette v. Umhoeffer*, Me., 268 A.2d 617, 619 (1970); *see also Royal Coachman Color Guard v. Marine Trading & Transportation, Inc.*, Me., 398 A.2d 382, 383–84 (1979).

It was not an abuse of discretion for the presiding justice to deny defendant relief.

The entry shall be:

Appeal denied; judgment affirmed.

All concurring.