SCHMID BROTHERS, INC.

v.

James ROBERTS d/b/a J & B
Limited Editions.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1987.
Decided March 8, 1988.

Stanley Greenberg, Rita Farry (orally), Greenberg & Greenberg, Portland, for plaintiff.

Ronald L. Bourque (orally), Bourque & Clegg, Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

The plaintiff, Schmid Brothers, Inc., appeals from a judgment of the Superior Court, York County, affirming a judgment in favor of the defendant, James Roberts, entered in the District Court, Springvale, based on the District Court's conclusion that the debt was that of a corporation, J & B Limited Editions, Inc., for which Roberts was not responsible. On appeal, Schmid Brothers does not directly challenge the conclusion of the District Court. It challenges only the court's granting of Robert's motion to vacate a default judgment some four years after the judgment was granted. We affirm.

Although the defendant's motion purported to be a motion to set aside a default pursuant to M.D.C.Civ.R. 55(c), the District Court and the parties treated it as a motion to vacate the default judgment pursuant to M.D.C.Civ.R. 60(b). On the record before us, we elect to treat Schmid's appeal as challenging the action of the District Court in vacating a default judgment approximately four years after its entry. *See Steel Serv. Center v. Prince Macaroni Mfg. Co.*, 438 A.2d 881, 882 n. 3 (Me.1981). Because Roberts's motion addressed only questions of excusable neglect and meritorious defense, we need not discuss deficiencies in the plaintiff's complaint and affidavit in support of the default judgment. *See Willette v. Umhoeffer*, 268 A.2d 617 (Me. 1970).

Schmid Brothers initially contend that Roberts's motion was untimely on the ground that, although the motion was *filed* within one year, it was not *made* within one year.[1] The plaintiff argues, in effect, that Roberts's failure to bring the motion on for hearing for almost four years bars the court from granting relief under Rule 60(b). We reject the plaintiff's contention for several reasons. First, we interpret the word *made* in Rule 60(b) to mean *filed.* We reject the contrary authority cited by Schmid Brothers as based either on different language or on peculiar fact situations. *See, e.g., Leeker v. Leeker*, 23 Ariz. 170, 202 P. 397 (1921); *Waldeck v. Domenic Lombardi Realty, Inc.*, 425 A.2d 81, 83 (R.I.1981). Second, we decline to hold that the moving party alone has the duty to proceed with a motion. *Compare Jones v. Suhre*, 345 A.2d 515, 518 & n. 5 (Me.1975) (we declined to adopt rule that motions not ruled on are denied by operation of law) *with Tucci v. Guy Gannett Pub. Co.*, 464 A.2d 161 (Me.1983) and *Cunningham v. Kittery Planning Bd.*, 400 A.2d 1070 (Me. 1979) (motion to amend deemed abandoned by plaintiff's failure to seek a ruling until after summary judgment against him and his notice of appeal filed). We stated in *Tucci* that "[t]he party seeking a ruling on a motion has the burden to proceed with the motion." 464 A.2d at 171. Although normally it will be the moving party who will request a ruling, any party may notice

---

1. *Rule* 60(b) provides, in pertinent part, that: "[t]he motion shall be *made* within a reasonable time and for [excusable neglect] ... not more than one year after the judgment ... was entered ..." (emphasis added).

a motion for hearing. Third, the record before us does not establish that the defendant alone caused the delay. The docket entries reflect that the defendant's motion was set for hearing December 7, 1981, continued to December 9, 1981, and eventually on March 8, 1982 "continued generally by agreement." Thereafter, neither party undertook any formal action until May 1, 1985, when the defendant moved to substitute collateral in lieu of a real estate attachment. In these circumstances we decline to hold that the relief afforded Roberts pursuant to Rule 60(b) was untimely.

■ Schmid Brothers also contends that the District Court erred by refusing to consider evidence of harm to the plaintiff in weighing the merits of the motion for 60(b) relief. The court rejected as not relevant an affidavit of plaintiff's counsel stating that Schmid Brothers did not then know the whereabouts of its former employee, Paulette Otto. Although we agree the evidence of prejudice to the plaintiff is a relevant consideration, we consider the court's rejection of that evidence harmless in the circumstances of this case.[2] The thrust of the plaintiff's argument is that its inability to locate Otto impaired its ability to challenge evidence that Roberts had notified Schmid Brothers through Otto of the incorporation of his business. As we stated above, Roberts is not to be held solely responsible for the delayed ruling on his motion. Moreover, the plaintiff learned from the defendant's affidavit of February 26, 1982, that Roberts claimed to have notified Otto in 1979 of the incorporation of his business. In view of the fact that Otto did not leave the plaintiff's employ until November 1983, Schmid Brothers cannot now complain of its own failure to keep track of Otto or to take steps to preserve her testimony.

■ Finally, Schmid Brothers challenges the sufficiency of the evidence of excusable neglect. As we have stated previously, the defendant's motion for relief from judgment is addressed to the sound discretion of the District Court. *A. Dean Corp. v. White,* 429 A.2d 1010, 1011 (Me.1981). Roberts, as the moving party, had the burden of proving the factual circumstances constituting a ground for relief, *Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me.1978), as well as the burden of persuading the court that he had a reasonable excuse for his failure to answer. *Id.* at 24. The plaintiff's argument on appeal is focused on the latter question.

■ The evidence before the District Court consisted of the testimony of Roberts to the effect that he called Otto in August, 1981, when he was served with the complaint, and asked her why he was being sued personally. He testified that Otto acknowledged the mistake and assured Roberts that she would take care of the problem. As a result, Roberts claimed, he did not contact his attorney until he received notice of a judgment lien in November 1981. Schmid Brothers argues that any reliance by Roberts on Otto's assurance was "clearly misplaced and patently unreasonable," citing *McNutt v. Johansen,* 477 A.2d 738 (Me.1984). In *McNutt* we held that it was within the discretion of the trial court to find insufficient the mistaken belief of the defendant wife that she was protected from liability by her husband's bankruptcy. Although *McNutt* dealt with a Rule 55(c) motion to set aside a default, the plaintiff relies on the case because Johansen's burden to show cause was not as great as the burden to prove excusable neglect. Nevertheless, we find *McNutt* unpersuasive for two reasons. First, there is no suggestion in that case that McNutt participated in any way to create Johansen's mistaken belief. Second, and more importantly, we here review the District Court's discretionary determination that the defendant's reliance on the assurances of the plaintiff's employee was reasonable in the circumstances. We hold that determination to be within the discretion of the trial court. Thus, there is no reversible

---

**2.** For present purposes we need not decide whether, in the alternative, the exclusion of the plaintiff's affidavit can be upheld on the ground that it was not based on personal knowledge of the affiant.

error in the District Court's finding of excusable neglect.

Schmid Brothers does not challenge the showing of a meritorious defense to support the Rule 60(b) motion and does not challenge the finding for the defendant at trial on the merits. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and NICHOLS and CLIFFORD, JJ., concur.

SCOLNIK, Justice, with whom WATHEN, Justice, joins, dissenting.

I respectfully dissent.

In this case, the defendant Roberts was given assurances by plaintiff's employee that the law suit served on him was mistakenly instituted and steps would be taken to correct the error. Relying on such assurances, Roberts failed to notify his attorney and no responsive pleading was filed and as a result a default judgment was entered against him. On these facts, the justice found Roberts's neglect in failing to answer the complaint as required by M.R. Civ.P. 12 to be excusable. In this determination I conclude the justice committed an abuse of discretion.

On a consistent basis we have strictly construed the term "excusable neglect." Specifically, we have held that a wife's mistaken belief that her husband's bankruptcy petition would stay proceedings against her does not constitute "good cause," *McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984); that a defendant had no basis for assuming that a law suit had come to a standstill when his attorney filed a motion to withdraw, *Cutillo v. Gerstel*, 477 A.2d 750, 752 (Me.1984); and that no excuse was shown for the failure to respond to two deposition notices, *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980).

This court should now hold that in the absence of fraud, one who does not file a responsive pleading as required by the rules of procedure in reliance upon a statement by an adverse party's employee that the suit was commenced in error, fails to establish excusable neglect.

I would vacate the judgment.