STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                CIVIL ACTION
                                 DOCKET NO: CV-10-022

ALICE MELLIN and MELCO, LLC,

         Plaintiffs,

       v.

KELLY COYNE and DANIEL J.
COYNE,

         Defendants

and

THE BANK OF NEW YORK AS
TRUSTEE FOR THE BENEFIT OF
ALTERNATIVE LOAN TRUST
2007-5CB MORTGAGE PASS
THROUGH CERTIFICATES,
SERIES 2007-5CB; CITIBANK FEDERAL
SAVINGS BANK; FIVE COUNTY CREDIT
UNION; STATE OF MAINE (MAINE REVENUE
SERVICES); and DEPARTMENT OF
THE TREASURY (INTERNAL REVENUE
SERVICE),

         Parties-in-Interest,

## ORDER ON PARTY-IN-INTEREST BANK OF NEW YORK'S MOTION TO VACATE JUDGMENT AND MOTION TO SEAL AFFIDAVIT

Before the court are Bank of New York's motions to vacate the judgment of foreclosure and sale on property located at 73 High Street in Yarmouth, Maine and to seal a certain affidavit submitted in support of the motion to vacate judgment.

### BACKGROUND

The Plaintiffs in this action are Alice Mellin and MELCO, a limited liability company whose members include Alice Mellin, her husband Peter

1

Mellin, and defendant Daniel J. Coyne.[1] On October 15, 1999, MELCO loaned $32,000 to Daniel Coyne ("D. Coyne") and he executed a promissory note and mortgage on property located at 73 High Street in Yarmouth, Maine to secure this loan. (Mot. 2, Ex A-B.) Although the promissory note was only made in favor of MELCO, the mortgage was made in favor of MELCO and Alice Mellin, individually. D. Coyne transferred title to the property to Kelly Coyne ("K. Coyne") by quitclaim deed on or about December 22, 2006. A purported "Discharge of Mortgage," executed on January 17, 2007, was recorded in the Cumberland County Registry of Deeds at Book 27111, Page 152 on January 31, 2007. (Mot. 2, Ex. C.) This document is signed by D. Coyne on behalf of MELCO and by Ms. Mellin on her own behalf. Ms. Mellin affirms in an affidavit, recorded in the Cumberland County Registry of Deeds on July 22, 2009, that her signature on the Discharge of Mortgage is a forgery. (Mot. 2-3, Ex. D.)

Also on January 17, 2007, K. Coyne executed and delivered a promissory note in the amount of $207,000 to American Residential Mortgage and executed a mortgage on the 73 High Street property to Mortgage Electronic Registration Systems, Inc. as nominee for American Residential Mortgage. (Mot. 3, Ex. E-F.) Bank of New York subsequently was assigned the mortgage and note in September 2008.[2]

Alice Mellin and MELCO filed a Complaint for foreclosure on January 20, 2010 (and Amended Complaint on January 27, 2010) alleging that the Defendants

---

[1] The Amended Complaint states that MELCO is wholly-owned by Alice Mellin and Peter Mellin. (Pl. Am. Compl. ¶ 2.) However, originally Daniel Coyne was also a member. (*See* Pl. Opp. Ex. A.)

[2] This note has been in default since May 1, 2008 for failure to make payments. Bank of New York, through its attorney, filed its own foreclosure complaint on March 16, 2009 against K. Coyne. K. Coyne filed for chapter 7 bankruptcy protection on December 21, 2009, which stayed that proceeding.

were in default under the terms of the 1999 promissory note and mortgage for failure to make payments as required. (Pl. Am. Compl. ¶ 20.) The Complaint was served on Bank of New York on January 28, 2010 and the Amended Complaint was served on Bank of New York on February 2, 2010. (*See* Return of Service.)

Bank of New York forwarded the Amended Complaint to its attorney, Rachael Pierce at Shechtman Halperin Law Firm on March 9, 2010. (Mot. 4.) On March 15, 2010, Ms. Pierce contacted Bank of New York and "received authorization to proceed with filing an answer." (Pierce Aff. 3.) No Answer was ever filed by Bank of New York. An entry of default was made against Bank of New York on May 11, 2010. Subsequent filings were served on Bank of New York, including a Motion for Summary Judgment, filed on July 16, 2010, and an Amended Motion for Summary Judgment, filed on October 15, 2010. (Pl. Opp. 5.) Judgment of Foreclosure and Sale was issued by this court on November 22, 2010.

## DISCUSSION

Bank of New York now moves this court to vacate its Judgment of Foreclosure and Sale pursuant to M.R. Civ. P. 60(b)(1) and 60(b)(6).[3] The effect of an entry of default against a party-in-interest in a foreclosure action is to deem all assertions in the complaint as true but an entry of default does not remove the party-in-interest's priority for payment. *See* 14 M.R.S. § 6324. The issue raised by this motion is not that Bank of New York was not properly listed in the priority; it is that Bank of New York claims priority over Ms. Mellin and MELCO and,

---

[3] Bank of New York captions this motion as a motion to vacate the "Default Judgment of Foreclosure and Sale." The Judgment of Foreclosure and Sale was not entered against the Bank of New York but, rather, against the defendants. While technically not a default judgment, the motion to vacate is considered under the same rule.

3

therefore, claims that it continues to have a security interest in the property. (Mot. 12.)

1.   M.R. Civ. P. 60(b)(1):

A motion for relief from judgment is addressed to the discretion of the court and the party seeking such relief has the burden of proving such factual circumstances constituting grounds for relief or reasonable excuse. *Schmid Bros., Inc. v. Roberts*, 538 A.2d 291, 293 (Me. 1988). In order to obtain relief from judgment under M.R. Civ. P. 60(b)(1), the party seeking to prove excusable neglect must demonstrate (1) a reasonable excuse for inattention to the court proceedings, and (2) a meritorious defense to the underlying action. *Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202. The court may also consider evidence of any prejudice to the other party. *Schmid Bros.*, 538 A.2d at 293.

The Law Court has stated that "[t]he standard for determining an excusable neglect defense is a strict one and can be met only when there are extraordinary circumstances that work an injustice." *Gregory v. City of Calais*, 2001 ME 82, ¶ 7, 771 A.2d 383. However, the strictness of this standard has relaxed somewhat and excusable neglect has been found in circumstances "much less dire [] than tragic death." *Id.* at ¶ 16. In many of the cases in which the courts have found excusable neglect, the delay in action was only a matter of a few days and did not cause prejudice to any party. *See Gregory*, 2001 ME 82, 771 A.2d 383; *Solomon's Rock Trust v. Davis*, 675 A.2d 506 (Me. 1996).

The Bank of New York cites, as its excuse for default, the failure of its attorney, Rachael Pierce, to properly follow her firm's case intake and monitoring procedures which caused her to fail to respond to the Plaintiffs' Amended Complaint. Bank of New York provides the court with the policies

4

and procedures established by Shechtman Halperin which include two separate software applications designed to provide assistance with calendaring and billing; a procedure to determine whether a filing relates to a new or existing matter; and procedures for transitioning cases from one attorney to another upon departure of an attorney from the firm. (Mot. 6-7.) Ms. Pierce's failure to follow procedures was caused by a series of personal problems beginning in March of 2010 and continuing over the successive months. When Ms. Pierce received the Amended Complaint she failed to follow the required procedures causing her, her successor, and the firm to fail to respond. (Mot. 8-9.) The Bank of New York states that Shechtman Halperin had no further notice of this action until August 11, 2011. (Mot. 9.)

While Ms. Pierce's personal problems were severe, the court is not convinced that Ms. Pierce's personal problems were the only cause of the failure to respond to this lawsuit until almost a year after the judgment was entered. As the Plaintiffs note, when Ms. Pierce received the Amended Complaint from her client, Bank of New York, the Answer was already past due.[4] Even after the failure to file an Answer, the Bank of New York would have been served with notice of the entry of default, the Plaintiffs' Motion for Summary Judgment, Plaintiffs' Amended Motion for Summary Judgment, and the Judgment of Foreclosure and Sale. It is difficult to conceive of why the Bank of New York did not contact its attorney for an update on the status of this action or to question why it was receiving these court documents instead of its attorney. Bank of New York allowed this action to proceed for almost two years before appearing and asking this court to allow it to participate. While the personal issues of its

[4] The Amended Complaint was served on Bank of New York on February 2, 2010, making the Answer due on February 22, 2010.

5

attorney may have contributed to the failure to respond to this action, it was not the only failure. Bank of New York has put forth no explanation for why it failed to submit the Amended Complaint to its attorney in a timely fashion and why it failed to respond to the notices and filings served throughout the course of this litigation. In contrast to the cases cited by the Bank of New York, the delay in seeking to vacate the judgment has been almost a full year.[5] The record even reflects that Bank of New York's law firm became aware of this foreclosure judgment in August of 2011 (Mot 9), yet this motion was not filed until November 15, 2011. The court does not find that Bank of New York's failure to file an Answer and participate in this action is the result of excusable neglect.

2. M.R. Civ. P. 60(b)(6):

M.R. Civ. P. 60(b)(6) allows the court to relieve a party from a judgment for any reason justifying relief. A motion under this rule must also be filed within a reasonable time but there is no outside time limit as with M.R. Civ. P. 60(b)(1). "Although characterized as a grand reservoir of equitable power to do justice in a particular case, this catch-all clause of the rule must be applied in the exercise of a sound judicial discretion." *Reville v. Reville*, 370 A.2d 249, 253 (Me. 1977) (internal quotation and citations removed). There must be a showing of injustice in the original judgment in order for the court to grant relief. *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me. 1982). "Rule 60(b) 'presupposes that a party has performed [its] duty to take legal steps to protect [its] own interest....'" *Putnam v. Albee*, 1999 ME 44, ¶ 8, 726 A.2d 217 (quoting *Calaska Partners, L.P. v. Dahl*, 676 A.2d 498, 501 (Me. 1996)).

---

[5] To obtain relief under M.R. Civ. P. 60(b)(1), relief must be sought within a reasonable time but not more than 1 year. This does not necessarily mean that 1 year is always a reasonable amount of time.

6

The Bank of New York misconstrues the M.R. Civ. P. 60(b)(6) standard to require the judgment be vacated whenever the court finds that the original judgment contains an injustice. Instead, the standard simply states that, as a prerequisite, there must be injustice. There must also be a motion within a reasonable time and a showing that a party has taken steps to protect its interests.

Regardless of whether Bank of New York was a bona fide purchaser entitled to first priority or whether the discharge of MELCO's mortgage was effective by the signature of D. Coyne alone, the Bank of New York has completely failed to take steps to protect its interests and the court does not find that the motion has been filed within a reasonable time. Bank of New York had many opportunities over the past two years to realize its mistake in failing to answer this lawsuit. The interests of finality of judgments and repose in real estate dictate that this judgment should not be vacated. *See Merrill*, 449 A.2d at 1125 ("It is necessary that judgments, especially those settling property rights as in this case, have a high degree of stability and finality.")

**The entry is:**

Bank of New York's Motion to Vacate Judgment is **DENIED**. Bank of New York's Motion to Seal the Affidavit of Rachael Pierce is **GRANTED**.

DATE: January 4, 2012

Joyce A. Wheeler
Justice, Superior Court

7

Alice Mellin and MELCO LLC-Lee Bals Esq.

Kelly Coyne-Pro Se
Daniel Coyne-Pro Se
Bank of New York PII-Michael Nelson Esq.
Citibank Federal Savings Bank PII-Pro Se
Five County Credit Union PII-Pro Se
State of Maine/ Maine Revenue Service PII-Pamela
 Waite AAG
USA/Dept of Treasury PII-Paula Silsby Esq.