MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 91
Docket:      Wal-16-252
Submitted
  On Briefs:  April 27, 2017
Decided:     May 9, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

PAMELA HASKELL

v.

DUSTY HASKELL

SAUFLEY, C.J.

[¶1]  Dusty Haskell appeals from a divorce judgment entered by the District Court (Belfast, *Worth, J.*) and from the denial of his motion for relief from that judgment.  He argues that the court should have conducted a new trial because he did not attend the hearing that resulted in the divorce judgment and the evidence admitted at that hearing was insufficient to demonstrate his ability to pay spousal support of $6,000 per month.  We discern no error and affirm the judgment.

## I.  BACKGROUND

[¶2]  Pamela Haskell filed a complaint for divorce in June 2015 after thirty-nine years of marriage to Dusty.  The standard family matter summons served on Dusty with the complaint stated that court notices would be sent by

mail and informed Dusty, "It is your own responsibility to be sure that the Court has your correct address. Any change of address must be in writing and delivered to the Clerks office by hand or regular mail."

[¶3] Pamela filed an emergency motion for an interim order of support and allocation of property. Dusty retained counsel and filed an answer, a counterclaim, and an objection to the emergency motion. The home mailing address that Dusty provided to the court was the address of the marital home, and Dusty never notified the court of any other address. The court ordered that complete financial statements be submitted by July 28, 2015, and it sent both parties notice of a hearing set for August 10.

[¶4] Before July 28, Dusty's counsel moved to withdraw as counsel on the grounds that Dusty would not follow advice and was non-responsive when asked if he would agree to counsel's withdrawal from the matter. The court granted counsel's motion to withdraw and ordered that counsel send a copy of its order to Dusty's last known address. The court specifically ordered that the hearing would be held as scheduled on August 10, 2015.

[¶5] The hearing on the emergency motion for an interim order was held as scheduled, but Dusty, who still had not filed a financial statement, did not attend. Dusty had been receiving mail at the marital home, and Pamela

had been stacking it on the table for him, but he had not been looking through it, opening it, or reading it despite his almost daily visits to the home. In Dusty's absence, the court entered an interim order based on the evidence that Pamela provided at the hearing. Among other provisions, the order gave Pamela exclusive possession of the marital home and of marital and business accounts, required Dusty to document his business dealings, ordered Dusty to pay $10,000 in attorney fees, and awarded Pamela interim spousal support of $1,000 per week beginning on August 14.

[¶6]  On August 17, 2015, the court scheduled a final hearing for September 28, 2015, and sent notice to both parties. On September 13, Pamela packed up some things that Dusty had left in the marital home, including his mail, and clipped a copy of the interim order onto the outside of a box. She took these things to a location where Dusty could get them. Dusty looked at the interim order about a week later and did not agree with its terms, though he did nothing about it.

[¶7]  The final divorce hearing was held as scheduled, but Dusty did not appear. The court took testimony from Pamela and, on October 13, 2015, entered the judgment that Pamela proposed through counsel. The court divided the parties' real and personal property and awarded Pamela $6,000

4

per month in spousal support for the rest of her life, absent modification. The court reached this decision based on evidence of her age, her lack of college or other education after high school, her work for Dusty's businesses over the preceding eleven years, and Dusty's multiple profitable businesses. After the judgment was entered, Pamela personally delivered a copy of the judgment to the camp where Dusty was by then staying.

[¶8]    Fifteen days after the divorce judgment was entered, on October 28, 2015, Dusty, through newly retained counsel, moved for a new trial, M.R. Civ. P. 59, and for relief from the divorce judgment, M.R. Civ. P. 60(b). He asserted that his mail had been going to the parties' marital home, which was in Pamela's possession; that he did not learn of the date for the final hearing through correspondence or through his daily conversations with Pamela; and that in two prior divorce proceedings, the parties had reached agreements to dismiss the matters.

[¶9] Pamela opposed Dusty's motions, and after unsuccessful efforts to resolve the matter through mediation, an evidentiary hearing was held. Both Pamela and Dusty testified. Dusty testified that he did not attend to the proceedings because he did not think "that it would ever go to this extent," given the parties' previous dismissals of prior divorce actions by agreement.

[¶10]  The court entered a judgment denying Dusty's motions.  The court found that Dusty had established no prejudicial error or substantial injustice in the divorce judgment, *see* M.R. Civ. P. 59; *Ringuette v. Ringuette*, 594 A.2d 1076, 1078 (Me. 1991), and that no mistake, surprise, or excusable neglect justified relief from judgment because Dusty's own lack of diligence and neglect of the matter—including the failure to update his mailing address, attend hearings, or file a financial affidavit—resulted in the entry of the divorce judgment, *see* M.R. Civ. P. 60(b).  Dusty timely appealed from both the divorce judgment and the judgment denying his motions.  *See* 14 M.R.S. § 1901 (2016); 19-A M.R.S. § 104 (2016); M.R. App. P. 2.[1]

## II.  DISCUSSION

[¶11]  Dusty argues that the court abused its discretion in denying his motion for relief from judgment because Pamela contributed to his ignorance of the court dates and he was deprived of the opportunity to be heard.  He further argues that the factors for determining whether to award spousal support include the ability of the obligor to pay—a determination unsupported by any evidence admitted at the divorce hearing that the court held in his absence.

---

[1]  In his brief on appeal, Dusty does not challenge the court's ruling on his Rule 59 motion for a new trial.

6

A.    Motion for Relief from Judgment

[¶12]  "We review the denial of a M.R. Civ. P. 60(b) motion for abuse of discretion."  *Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 7, 940 A.2d 1082. "Review for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness."  *McLeod v. Macul*, 2016 ME 76, ¶ 6, 139 A.3d 920 (quotation marks omitted).  A party who moves for relief from a judgment bears "the burden of producing competent evidence to support his motion," and we will vacate factual findings that are "adverse to the party with the burden of proof only if the record compels a contrary conclusion."  *Foley v. Adam*, 638 A.2d 718, 719 (Me. 1994).

[¶13]  "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

or (6) any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b). "To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show (1) a reasonable excuse for her inattention to the court proceedings, and (2) a meritorious defense to the underlying action. We afford parties who were self-represented at trial no special consideration." *Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202 (citation omitted).

[¶14] Although Dusty argues that Pamela knew that he had not received notice of the hearing, the evidence did not compel that finding or any other findings of fact that would amount to fraud, misrepresentation, or misconduct, *see* M.R. Civ. P. 60(b)(3); *Foley*, 638 A.2d at 719, or mistake, inadvertence, surprise, or excusable neglect, *see* M.R. Civ. P. 60(b)(1); *Ezell*, 2008 ME 139, ¶ 22, 955 A.2d 202. The record fully supports the court's findings that Dusty never changed his mailing address from the address of the family home and that he failed to attend to his mail and monitor the proceedings throughout, despite receiving notice from the court that he was required to do so to preserve his rights.

[¶15] The court did not, in these circumstances, misapply the law, and it acted within the bounds of reasonableness in deciding to deny the motion

for relief. *See* M.R. Civ. P. 60(b)(1), (3), (6); *McLeod*, 2016 ME 76, ¶ 6, 139 A.3d 920. "Notice and the opportunity to be heard"—the "two essential elements of due process of law"—were provided here, though Dusty elected not to heed the notices supplied to him; he appears to have had and yet ignored advice of counsel; and he failed to take advantage of any of his opportunities to be heard. *Portland Pipe Line Corp. v. Envtl. Improvement Comm'n*, 307 A.2d 1, 15 (Me. 1973); *see Bank of Am., N.A. v. Camire*, 2017 ME 20, ¶ 8, 155 A.3d 416. The court did not abuse its discretion in denying Dusty's motion for relief.

## B. Spousal Support

[¶16] "We review a decision regarding spousal support for abuse of discretion." *Dube v. Dube*, 2016 ME 15, ¶ 10, 131 A.3d 381. "Review for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness." *McLeod*, 2016 ME 76, ¶ 6, 139 A.3d 920 (quotation marks omitted). "A finding of fact is clearly erroneous if there is no competent evidence in the record to support it, if the fact-finder clearly misapprehends

the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case." *Guardianship of Hailey M.*, 2016 ME 80, ¶ 15, 140 A.3d 478 (citations omitted) (quotation marks omitted).

[¶17] "General support may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce." 19-A M.R.S. § 951-A(2)(A) (2016). In determining an award of spousal support, a court must consider several factors, including "[t]he ability of each party to pay." 19-A M.R.S. § 951-A(5) (2016).

[¶18] The facts in the divorce judgment are supported by evidence that Pamela submitted at the final hearing, which Dusty failed to attend. Based on the parties' most recent joint tax return offered in evidence, the parties' after-tax annual income is more than double the $72,000 per year that the court ordered in spousal support. The court explicitly referenced the applicable law, including the statutory factors, 19-A M.R.S. § 951-A(5); it referenced the factors that informed its decision; and its resulting award of support was within the bounds of reasonableness. *McLeod*, 2016 ME 76, ¶ 6, 139 A.3d 920.

The entry is:

Judgment affirmed.

---

Joseph W. Baiungo, Esq., Belfast, for appellant Dusty Haskell

C.H. Spurling, Esq., Gardiner, for appellee Pamela Haskell

Belfast District Court docket number FM-2015-100
FOR CLERK REFERENCE ONLY