MAINE SUPREME JUDICIAL COURT                                  Reporter of Decisions
Decision:      2018 ME 126
Docket:        And-18-17
Submitted
  On Briefs:   July 24, 2018
Decided:       August 23, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

JERRY PHILOGENE,
Party-in-Interest

$16,545 U.S. Currency,
Defendant *in rem*

ALEXANDER, J.

[¶1]  Jerry Philogene appeals from a judgment entered by the Superior Court (Androscoggin County, *Horton, J.*) denying his motion to set aside a default and for relief from a judgment.  *See* M.R. Civ. P. 55(c), 60(b).  The default judgment extinguished Philogene's property rights, as a party-in-interest, to $16,545 in cash seized as part of a civil asset forfeiture proceeding, *see* 15 M.R.S. §§ 5821-5822 (2017),[1] initiated following a motor vehicle stop and the filing of criminal charges related to Philogene's operation of a motor vehicle.

---

[1]  These statutes were recently amended.  *See* P.L. 2017, ch. 409, § B-1 (effective May 2, 2018) (to be codified at 15 M.R.S. §§ 5821, 5821-B).

[¶2]  Philogene contends, among other arguments, that the court abused its discretion when it denied his motion for relief from judgment, arguing that he demonstrated excusable neglect because (1) he believed that the attorney representing him with regard to the seized money in a parallel criminal matter also represented him in the civil forfeiture proceeding; (2) he was unable, while in jail, to file the necessary documents or respond to the State's filings, resulting in his default; and (3) the State lacked probable cause to seize the cash.  We vacate the judgment.

## I.  CASE HISTORY

[¶3]  The facts of this case are drawn from the records of the overlapping criminal and civil matters that began with the arrest of Jerry Philogene and the seizure of his property.[2]  On March 7, 2017, an Androscoggin County Sherriff's Deputy stopped a vehicle Philogene was operating for erratic driving.  The officer determined that Philogene was not the owner of the vehicle, did not have permission to use the vehicle, and had a suspended Massachusetts driver's

---

[2]  Although the record relating to Philogene's criminal case was not included in the appendix on appeal, the appendix does include police reports, search warrant affidavits, and the transcript from the December 14, 2017, motion hearing, all of which provide facts relating to Philogene's arrest and the resolution of his criminal matter.  Additionally, a copy of the criminal docket, of which the motion court took judicial notice, was obtained and used for further clarity regarding the criminal proceedings against Philogene.  *See* M.R. Evid. 201; *Guardianship of Jewel M.*, 2010 ME 80, ¶ 24, 2 A.3d 301 (stating that this Court can take judicial notice of docket entries in other cases.).

license.  The officer arrested Philogene and, after conducting a search incident to the arrest, seized $16,545 in cash found in Philogene's pockets.[3]

[¶4]  On March 8, 2017, the State filed a criminal complaint against Philogene for theft by unauthorized use of property (Class D), 17-A M.R.S. § 360(1)(A) (2017), and operating after license suspension (Class E), 29-A M.R.S. § 2415 (2017).  Philogene was provided a court-appointed attorney and released on bail.  On April 7, 2017, Philogene, through counsel, filed a motion for return of the seized property, contending that no connection existed between the money seized and the charges filed against him.  *See* M.R.U. Crim. P. 41(j).

[¶5]  On April 28, 2017, Philogene was arrested a second time after law enforcement authorities executed a search warrant at a home in Mexico where Philogene was visiting.  Authorities discovered scales, drug packaging materials, and 86 grams of cocaine in the home.  At the time of the April search, Philogene was found to be in possession of 8.4 grams of heroin and 17.4 grams of cocaine.

---

[3] In addition to the money found on Philogene, the officer also later found a knife in Philogene's possession.  Following the execution of a search warrant for the vehicle on March 8, 2017, officers discovered 1.91 ounces of marijuana, a pill bottle belonging to an acquaintance of Philogene, and a cell phone.

4

[¶6]  On June 8, 2017, the State amended its criminal complaint against Philogene to include two counts of conspiracy to commit trafficking of scheduled drugs (Class B), 17-A M.R.S. § 1105-A(1)(D), (H) (2017), and one count of criminal forfeiture relating to the cash seized on March 7, 15 M.R.S. § 5826 (2017).

[¶7]  Also on June 8, the State filed, in the Superior Court (Androscoggin County), a separate civil asset forfeiture action against the $16,545, as defendant *in rem*, and Philogene, as a party-in-interest.  *See* 15 M.R.S §§ 5821-5822.  The State served Philogene with a summons for the civil forfeiture at the courthouse on June 8 while he was in court for the criminal matter.[4]  No notice of the civil matter was given to his criminal attorney.

[¶8]  On June 19, 2017, the State filed an *ex parte* motion to impound the $16,545 during the pendency of the civil action.  *See* 15 M.R.S. § 5822(6).  The court (*MG Kennedy, J.*) granted that motion on June 27, 2017.

[¶9]  The following day, on June 28, 2017, Philogene, accompanied by his court-appointed attorney, made his initial appearance on the three additional

---

[4] The record indicates that Philogene was in court on June 8 for a hearing on his motion for return of seized property, but that the court continued the motion hearing until June 28, 2017, to be considered along with the State's motions to revoke Philogene's bail.  The summons for the civil forfeiture action stated that Philogene had twenty days to answer the State's complaint and warned that judgment by default would result if he failed to do so. *See* M.R. Civ. P. 4(a), 12(a).

criminal charges alleged in the State's amended complaint. At the hearing, the court discussed Philogene's motion for return of seized property, *see* M.R.U. Crim. P. 41(j), and ruled that the criminal motion was "moot pending the outcome of the civil forfeiture action." During this proceeding, the State provided Philogene's attorney with a copy of the court's ex parte order to impound.

[¶10] On July 10, 2017, the State, without notice to the attorney representing Philogene in his criminal matters, filed an affidavit and request for default judgment after Philogene failed to appear or defend in the civil forfeiture action.[5] *See* M.R. Civ. P. 55. On July 13, 2017, the clerk entered a default and, on the same day, the court (*MG Kennedy, J.*) entered a judgment by default against Philogene, as a party-in-interest, and the $16,545, as defendant *in rem*. *See* M.R. Civ. P. 55(b)(2); 15 M.R.S. § 5822(5). Although Philogene's motion for return of seized property remained pending, on July 28, 2017, the court issued a final order dispersing the forfeited $16,545 to two local law enforcement agencies. *See* 15 M.R.S. § 5822(4)(A).

---

[5] The record indicates that a court clerk asked the State on or before July 12, 2017, to provide notice of the State's request for default judgment to Philogene's criminal attorney. The State replied that, pursuant to 15 M.R.S. § 5822(5) (2017) and M.R. Civ. P. 55(b)(2), it was not required to provide notice to an attorney who had not appeared in a civil forfeiture proceeding.

6

[¶11]   On October 13, 2017, three months after entry of the default judgment, the attorney representing Philogene in his criminal matters entered an appearance in the civil forfeiture proceeding, filed an answer to the State's petition for asset forfeiture, and filed a motion to set aside the default and for relief from the judgment, *see* M.R. Civ. P. 55(c), 60(b).  The court scheduled a hearing on the motion, with notice provided to both parties.[6]

[¶12]   On December 14, 2017, after the hearing, the court (*Horton, J.*)[7] denied Philogene's motion to set aside default and for relief from judgment. The court issued oral findings, concluding that Philogene's assumption that his criminal attorney was representing him in the civil forfeiture matter did not constitute excusable neglect and that Philogene's claim that he possessed the $16,545 in order to purchase a car for his sister did not "rise to the level" of a meritorious defense.  The court's opinion did not address the still pending motion for return of seized property in the criminal matter.[8]

---

[6] On November 3, 2017, the State objected to Philogene's motion and requested that the court decline to hold a hearing.

[7] It is not clear from the docket why the motion to set aside the default and for relief from the judgment was not heard by the judge who entered the default judgment.

[8] Philogene filed a motion, pursuant to M.R. Civ. P. 52, asking the court to find that Philogene "understandably believed" that his counsel represented him on both the civil and criminal actions involving his $16,545, but the court declined to make that finding.  *See* M.R. Civ. P. 52(a).

[¶13] Philogene filed a timely notice of appeal.[9] *See* M.R. App. P. 2B(c)(1).

## II. LEGAL ANALYSIS

[¶14] Maine Rule of Civil Procedure 60(b)[10] provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect." When a party seeks relief from a judgment for excusable neglect pursuant to Rule 60(b)(1), the party must file a motion "not more than one year after the judgment," M.R. Civ. P. 60(b), and "bears the burden of proving that the judgment should be set aside," *Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 6, 940 A.2d 1082. To satisfy that burden and obtain relief from a default judgment pursuant to Rule 60(b)(1) for excusable neglect, "a party must show (1) a reasonable excuse for [the party's]

---

[9] We suspended the provisions of M.R. App. P. 7A and 8 and permitted Philogene to file a letter explaining his position that the trial court erred in denying his motion for relief from the default judgment.

[10] Philogene sought relief pursuant to M.R. Civ. P. 52(a) and 60(b). Because a "default judgment can only be set aside if the conditions of M.R. Civ. P. 60(b) are met," *Ezell v. Lawless*, 2008 ME 139, ¶¶ 16-17, 955 A.2d 202; *see* M.R. Civ. P. 55(c), and because the parties and the court dealt with the motion at the hearing as a motion under Rule 60(b)(1), we evaluate Philogene's argument pursuant to the Rule 60(b) standard.

inattention to the court proceedings, and (2) a meritorious defense to the underlying action." *Haskell v. Haskell*, 2017 ME 91, ¶ 13, 160 A.3d 1176.

[¶15]  When a court's decision is supported by competent evidence, we review the denial of a Rule 60(b)(1) motion for an abuse of discretion. *Wells Fargo Bank, N.A. v. White*, 2015 ME 145, ¶ 8, 127 A.3d 538.  Our review "involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness."  *Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176.  We will set aside the court's decision "only if the failure to grant the relief works a plain and unmistakable injustice against the moving party."  *Ezell v. Lawless*, 2008 ME 139, ¶ 19, 955 A.2d 202.

A.    Reasonable Excuse

[¶16]  Philogene contends that his inattention to the civil forfeiture proceeding was caused by both his incarceration at the time when the proceeding was initiated and his belief that his attorney was representing him on all issues involving the seized $16,545.  He argues that he can "barely read

and write" and that it was his attorney's responsibility to file documents to transport him from jail in order to contest the forfeiture proceedings.

[¶17]  A party seeking relief from a default judgment "must adduce the *facts* showing a reasonable excuse for the default." *A. Dean Corp. v. White*, 429 A.2d 1010, 1011 (Me. 1981).  We have affirmed a trial court's determination that a reasonable excuse had been demonstrated where a default was due in part to a defendant's reliance on assertions made by the opposing party, *see Mariello v. Giguere*, 667 A.2d 588, 589-90 (Me. 1995); *see also Schmid Bros., Inc. v. Roberts*, 538 A.2d 291, 293 (Me. 1988) (affirming the finding of a reasonable excuse where the defaulted party relied on statements made by an employee of opposing party).  Similarly, we have held that a trial court committed obvious error when it failed to grant relief from judgment where the opposing party failed to follow a procedural rule.  *See Scott v. Lipman & Katz, P.A.*, 648 A.2d 969, 972-976 (Me. 1994).

[¶18]  In contrast, we have held that the trial court properly denied a Rule 60(b) motion when a party was properly served and failed to appear at a court proceeding, *see e.g.*, *Haskell*, 2017 ME 91, ¶¶ 14-15, 160 A.3d 1176; *Butler v. D/Wave Seafood*, 2002 ME 41, ¶ 18, 791 A.2d 928; where a party failed to offer any evidence to support his assertion that he had a reasonable excuse, *see*

*Maroon Flooring, Inc. v. Austin*, 2007 ME 75, ¶ 9, 927 A.2d 1182; and where a party failed to retain Maine counsel in a timely manner, *see Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993).

[¶19]  The unusual factual circumstances of this case steer us in a different direction.  Although Philogene was served by the State in the civil forfeiture matter, the record as a whole compelled the conclusion that Philogene believed his attorney was representing him in proceedings related to his $16,545.  Because of the unusual actions of the prosecutor's office, there were two separate actions brought by the State concerning the same $16,545.  In docket number ANDCD-CR-2017-624, a criminal case against Philogene, count 5 asserted that the State was entitled to a "criminal" forfeiture, 15 M.R.S. § 5826, of that money from Philogene.  In docket number AUBSC-CV-2017-79, the State asserted that, pursuant to 15 M.R.S. §§ 5821-5822, it was entitled to a "decree of forfeiture" against the money and named Philogene as a party in interest.  In the criminal case, Philogene's counsel appropriately was seeking the return of his client's property, but, inexplicably, the trial court deemed his motion "moot pending the outcome of the civil forfeiture proceeding" even though the criminal action was still pending.

[¶20]  Here, because Philogene had filed a motion in his criminal case to obtain the return of the seized funds and the State should have notified Philogene's counsel of the civil action, there is a "showing of injustice in the original judgment." *Moulton v. Brown*, 627 A.2d 521, 523 (Me. 1993).

[¶21]  Philogene timely filed a Rule 60(b) motion and has continued to seek to have the merits of his argument heard.  His attempt to right the wrong effected by the default judgment was not "a new litigation strategy after-the-fact." *In re David H.*, 2009 ME 131, ¶ 40, 985 A.2d 490.

[¶22]  The dilemma in which Philogene finds himself is not the result of an intentional failure to appear or a willful disregard of the court proceedings. *See Keane v. HSBC Bank USA*, 874 F.3d 763, 765-66 (1st Cir. 2017).  Rather, Philogene's dilemma arose out of a reasonable confusion concerning the overlap between the charges filed against him and his own legal responsibilities at the time when the civil forfeiture was initiated.  Philogene continued to "take legal steps to protect [his] own interests" in the criminal proceedings, *Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 10, 116 A.3d 458, and, as supported by the record before the trial court, demonstrated a reasonable excuse for his inattention to the civil forfeiture proceedings.

12

B.    Meritorious Defense

[¶23]  Philogene contends that the State lacked probable cause to seize his money following his March 7, 2017, traffic stop and arrest.  Philogene bears the burden of providing "a meritorious defense to the underlying action."  *Ezell*, 2008 ME 139, ¶ 22, 955 A.2d 202.

[¶24]  A meritorious defense is one that is colorable and not frivolous. *Estate of Gordan*, 2004 ME 23, ¶ 23, 842 A.2d 1270.  "The mere assertion that a meritorious defense exists is insufficient to support a motion to set aside a default judgment."  *A. Dean Corp.*, 429 A.2d at 1011.  Instead, in asserting a defense, a party's argument must be presented with "enough elaboration of facts to permit the court to determine whether . . . the defense would be meritorious."  *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). Because the truth of a purported defense is not litigated at the motion hearing, "the moving party's version of the facts and circumstances supporting his defense are deemed to be true."  *Id.*

[¶25]  Here, the "underlying action" to which Philogene must provide a defense involves the State's allegation that the cash was connected to illegal

drug activity. [11]  *Ezell*, 2008 ME 139, ¶ 22, 955 A.2d 202; see 15 M.R.S. §§ 5821-5822.

[¶26]  The trial court erred as a matter of law because it focused only on what the money was to be used for and not whether there was probable cause to trace the money to any drug offense, and because it failed to give the requisite deference to Philogene's proffered defense that, in effect, the cash had a legitimate source. [12]  We therefore vacate the judgment denying Philogene's motion to set aside the default and for relief from the default judgment, and we remand with instructions for the court to grant that motion and, after hearing or other appropriate process, adjudicate the merits of the M.R.U. Crim. P. 41(j) motion and the civil forfeiture action. [13]

---

[11]  Section 5821 provides that the State may subject to forfeiture "all money . . . furnished or intended to be furnished by any person in exchange for a scheduled drug in violation of Title 17-A, chapter 45; all proceeds traceable to such an exchange; and all money . . . used or intended to be used to facilitate any violation of Title 17-A, chapter 45."  15 M.R.S. § 5821(6) (2017).  Section 5822 provides that in an *in rem* civil forfeiture action, the State must prove all material facts by a preponderance of the evidence.  *See* 15 M.R.S. § 5822(3) (2017).

[12]  In analyzing the federal civil forfeiture statute, the First Circuit has held that the government must, by a preponderance of the evidence, establish "a 'substantial connection' between the currency and a narcotics offense."  *United States v. $62,552.00 in United States Currency*, No. 03-10153-RBC, 2015 U.S. Dist. LEXIS 6280, at *24 (D. Mass. Jan. 20, 2015) (quoting 18 U.S.C.S. § 983(c)(3)).

[13]  When criminal and civil proceedings regarding the same subject matter are pending, courts generally defer civil proceedings pending the completion of parallel criminal proceedings. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense."); s*ee also SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *Eastwood v. United States*,

### III.  CONCLUSION

[¶27]   In sum, in the unique circumstances of this case, the record indicates that Philogene showed a reasonable excuse for his inattention to the forfeiture proceedings and demonstrated a meritorious defense to the underlying charges.  Accordingly, the trial court, in denying Philogene's motion for relief from judgment, "work[ed] a plain and unmistakable injustice" against Philogene, as a party-in-interest, and his $16,545, as defendant *in rem*.  *Ezell*, 2008 ME 139, ¶ 19, 955 A.2d 202.

The entry is:

> Judgment vacated.   Remanded for further proceedings consistent with this opinion.

Jerry Philogene, appellant pro se

Andrew S. Robinson, District Attorney, and Michael B. Dumas, Asst. Dist. Atty., Prosecutorial District III, Lewiston, for appellee State of Maine

Androscoggin County Superior Court docket number CV-2017-79
FOR CLERK REFERENCE ONLY

No. 2:06-cv-164, 2008 U.S. Dist. LEXIS 106777, at *3 (E.D. Tenn. Nov. 14, 2008) (citing *Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir. 1962)).