STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       CIVIL ACTION
                                                  DOCKET NO. CV-.20 — ι 3

TRAVIS HORNSTEIN.

v.                                                ORDER

ROBERT E. ARRIS, JR.

*et. al.*

Before the court is a request by Defendant Robert Arris ("Arris") to lift the default entered by the clerk against him on November 18, 2020. His handwritten filing does not ask to lift the default Robert's Painting and Restoration, LLC ("Company").

In February, the Plaintiff filed a Complaint against both Arris and the Company. On June 17, Arris, individually, signed a form CV-FM036, to accept service. CV FM 036 is the family law notice and acknowledgment of service. It is not the same form as the one prepared for civil cases and is not clear with respect to the time to Answer. The court assumes, however, that Arris received a Summons where it is clear an Answer must be filed in 20 days. Arris wrote on the form that his lawyer would be in touch. The form was filed on July 13 and the court issued a Scheduling Order on July 14, which was presumably sent to Arris.

Plaintiff still had not served the Company. On October 20, 2020, the court entered an order for alternative service on the Company stating that service would be complete when the Complaint was mailed and when the sheriff delivered the Complaint at his residence. The file reflects that the Complaint and Summons to the Company were mailed to Arris as the principle of the corporation on October 15 and that the sheriff served Arris in hand on October 15. No Answer was filed on behalf of either Arris or the Company when Plaintiff sought an entry of default. Default was entered on against both

1

Defendants on November 18. The court has not yet entered a Default Judgment, which would require a hearing on damages. It was not until December 31 that the Defendant sent anything to the court, which was his request to lift the default.

"If the defendant has received actual notice by the method of service used, the court should hesitate in finding the service insufficient for some technical noncompliance with (the Rule)." *Ireland v. Carpenter*, 2005 ME 98, ¶ 11. The court finds that between the original receipt of the summons and complaint in June and receipt of the summons and complaint served on the corporation in October, the Defendants had actual notice. The court considers the family law summons to be a technical error and that service was complete in June. Therefore, service was completed and the entry of default was appropriate.

The next issue is whether to lift the default. "The proponent of a motion pursuant to M.R. Civ. P. 55(c) must show both a good excuse for untimeliness in pleading and also the existence of a meritorious defense. *Thomas v. Thompson*, 653 A.2d 417, 419-420 (Me. 1995). "There is a strong preference in our law for deciding cases on the merits." *Id.* at 420. The court may also consider whether nondefaulting party is substantially prejudiced by reopening the case. *Id.* When considering the Defendants' conduct and the content of his motion, the court may not grant a *pro se* litigant "preferential treatment or . . . judicial accommodation greater than that afforded to a litigant appearing by legal counsel." *In re Children of Melissa F.*, 2018 ME 110, ¶ 15.

The court decides that good cause does not exist. Defendant had actual notice of the Complaint back in June. The summons would have given him notice of the 20 day deadline to file an Answer. He made no effort to clarify what he should do. His company was served in October and again he was on clear notice that the Complaint required an Answer. He did nothing until he received a call on December 20.

2

With respect to a meritorious defense, the Defendant does not provide "enough elaboration of facts to permit the court to determine whether (any) defense would be meritorious." *See, State v. Philogene*, 2018 ME 126, ¶ 24.

The court has not issued a default judgment. At this time, the court will schedule a damages hearing when the court is again hearing civil bench trials. Defendant is encouraged to provide this Order and the Complaint to his insurance carrier and consult with an attorney.

The entry is:

Defendants' Motion to lift entry of default is DENIED. Court to schedule damages hearing.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: Jan 15, 2021

Thomas R. McKeon
Justice, Maine Superior Court

3