STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-21-166

STATE OF MAINE

    Plaintiff,

  v.

YURI M. IVANOV,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT'S POST-JUDGMENT MOTION**

Before the court is Defendant Yuri Ivanov's Motion to Reconsider and Motion for Relief from Judgment filed pursuant to M.R. Civ. P. 60(b)(1) & (6). Defendant seeks to set aside the court's January 10, 2023 order entering judgment in favor of the State on its complaint to collect unpaid income taxes, interest, and penalties. Defendant, formerly pro se, has retained counsel and is represented by Attorney Gene Sullivan Jr., Esq. The State is represented by Attorney Kaitlyn M. Husar, Esq. The court has considered the affidavits, arguments, and other documentation submitted by the parties, and a decision is now in order.

### Background/Facts

On September 20, 2021, the State filed the present action against Defendant to collect unpaid income taxes, interest, and penalties pursuant to 36 M.R.S. § 174. The complaint was served on October 12, 2021 to Defendant's then-residence in Cape Coral, Florida.

By letter dated October 29, 2021, Defendant requested a 60-day extension to file an answer, which was granted by the court. In a subsequent filing, Defendant indicated that he was "opposing all of the points filed against

him." Defendant was not represented by counsel and submitted these filings pro se.

Around late August or early September 2022, Defendant moved to a different residence in Cape Coral, Florida. *Ivanov. Aff.* ¶ 10. He did not notify the State or the Court of his change in address. *Ivanov. Aff.* ¶ 16. In late September, after Defendant moved, Hurricane Ian struck Florida causing considerable damage to Defendant's home. *Ivanov. Aff.* ¶ 20. Defendant represents that he has since been "distracted dealing with the damages" caused by the hurricane and "other collateral consequences flowing from it." *Ivanov. Aff.* ¶ 21.

On October 28, 2022, the State filed a motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c). The State, unaware that Defendant had moved, mailed a copy of its Rule 12(c) motion to Defendant's old address in Cape Coral. *Blackler Aff.* ¶ 18. Defendant first learned of the State's Rule 12(c) motion in early December 2022 after he contacted the State looking for an update regarding his case. *Ivanov. Aff.* ¶ 18; *Blackler Aff.* ¶ 19. On December 5, 2022, the State sent Defendant a courtesy copy of the Rule 12(c) motion via email. *Blackler Aff.* ¶ 19; State's Ex. D. A paper copy of the motion was mailed to Defendant's current address around this time as well. *Blackler Aff.* ¶ 19.

During December 2022 and January 2023, Defendant attempted to find an attorney to assist him with this matter, but apparently was unable to secure representation prior to the court's entry of judgment. *Ivanov. Aff.* ¶ 19. Defendant did not ask the court for additional time to file an opposition to the State's Rule 12(c) motion. Nor did he file an opposition pro se.

On January 10, 2023, the court—observing that no objection to the Rule 12(c) motion had been filed—granted the State's motion and entered judgment in the State's favor in the amount of $12,300.57. Defendant thereafter retained counsel. By motion dated February 2, 2023, Defendant now moves for relief pursuant to M.R. Civ. P. 60(b)(1) & (6).

## Discussion

Under Rule 60(b), "the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b)(1) & (6). The moving party bears the burden of proving that the judgment should be set aside. *State v. Philogene*, 2018 ME 126, ¶ 14, 193 A.3d 789. The court affords parties who were self-represented no special consideration in its analysis. *Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202.

To obtain relief under Rule 60(b)(1) for excusable neglect, "a party must show (1) a reasonable excuse for her inattention to the court proceedings, and (2) a meritorious defense to the underlying action." *Id.* This standard requires a party to "allege facts sufficient to support a claim of mistake, surprise or excusable neglect" and demonstrate why the party "was justified in failing to avoid the mistake, surprise or neglect." *Pederson v. Cole*, 501 A.2d 23, 25 (Me. 1985). As the "'excusable neglect' standard [] implicates the rule favoring finality of judgments," it a more stringent standard than that governing "good cause." *Hamby v. Thomas Realty Assocs.*, 617 A.2d 562, 564 (Me. 1992).

With respect to the "catch-all clause" of Rule 60(b)(6), the Law Court has stated that "relief is only appropriate when [a party] has diligently pursued his or her rights" and "has performed his or her duty to take legal steps to protect his or her own interest in the original litigation." *Ezell*, 2008 ME 139, ¶ 28, 955 A.2d 202. Rule 60(b)(6) relief may be granted when there are "'extraordinary circumstances' and the party seeking relief is without fault." *Id.* ¶ 29. "'Laudable as is the goal of providing relief from injustices which [the rule] contemplates, courts must strike a balance between that goal and the salutary policy of finality in litigation.'" *Id.* ¶ 28.

In this case, Defendant asks the court to find excusable neglect for his failure to oppose the State's Rule 12(c) and also seeks relief from judgment

3

under Rule 60(b)(6)'s catch-all clause. With respect to the circumstances contributing to his neglect, Defendant points to his belated receipt of actual notice of the Rule 12(c) motion; the challenges and distractions caused by Hurricane Ian; and his inability to secure counsel following his receipt of the State's motion.

The court is unable to conclude that Defendant "was justified in failing to avoid the mistake, surprise or neglect." *Pederson*, 501 A.2d at 25. Defendant's failure to file an opposition and the resultant entry of judgment is largely attributable to his own lack of reasonable diligence. By his own admission, Defendant failed to update his address, resulting in the mailing of the Rule 12(c) motion to Defendant's old address in Cape Coral. *Haskell v. Haskell*, 2017 ME 91, ¶¶ 10-15, 160 A.3d 1176 (affirming denial of a Rule 60(b) motion where, *inter alia*, the defendant failed to update his mailing address). Moreover, Defendant received actual notice of the Rule 12(c) motion via email on December 5, 2022—over a month before the court issued its ruling. Defendant nevertheless failed to move the court for additional time to file an opposition, as he had successfully done before when filing other documents.

While the court is sympathetic to the difficulties Defendant has faced as a result of Hurricane Ian, the hurricane stuck Florida a month before the State filed and served its Rule 12(c) motion and over two months before Defendant learned of the motion on December 5th. Under these circumstances, the court believes it is reasonable to expect that Defendant take the steps necessary to preserve his objection to the State's motion—at the very least, asking the court for additional time to file an opposition.

In short, Defendant has not demonstrated a reasonable excuse for his failure to oppose the State's Rule 12(c) motion, and the court therefore declines to grant relief under Rule 60(b)(1). Defendant's failure to act with reasonable diligence likewise precludes relief under Rule 60(b)(6)'s catch-all provision. *Ezell*, 2008 ME 139, ¶¶ 28-29, 955 A.2d 202.

4

**The entry is:** Defendant's Motion to Reconsider and Motion for Relief from Judgment is DENIED.

The Clerk shall enter this Order upon the docket by reference.

Dated: April 5, 2023

_____
Deborah P. Cashman
Justice, Maine Superior Court