2012 ME 98

**Maureen G. O'BRIEN**

v.

**William E. WEBER Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 27, 2012.

Decided: July 19, 2012.

———

Joe Lewis, Esq., Port City Legal, Portland, for appellant William E. Weber, Jr.

Maureen G. O'Brien, appellee pro se.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1] William E. Weber Jr. appeals from a protection from abuse order entered in the District Court (Portland, *Moskowitz, J.*) on a complaint filed by Maureen G. O'Brien on behalf of their sixteen-year-old daughter. Weber contends that the court lacked authority pursuant to 19–A M.R.S. § 4007(2) (2011) to enter a new protection order based solely on the same act of abuse that was the subject of an expired, unextended protection order between the same parties. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] O'Brien and Weber have a daughter, who was born in 1995 and lives with O'Brien. In 2008, O'Brien sought and obtained a protection from abuse order against Weber on her own behalf and on behalf of their daughter. In an affidavit by the daughter attached to the 2008 complaint, the daughter asserted that she had feared and felt threatened by Weber as a result of a telephone conversation. She alleged that Weber's exact words were "I don't want to hurt you by taking your mom away from you." The parties dispute the meaning of Weber's statement during the call.[1] Weber failed to appear at the final hearing in June 2008, and the District Court (Portland, *MG Kennedy, J.*) found that Weber had abused O'Brien and the daughter and entered a two-year protection order. O'Brien did not seek to extend the protection order before it expired in June 2010.

[¶ 3] On October 3, 2011, sixteen months after the 2008 order expired, Weber filed a complaint for protection from harassment against O'Brien in the Wiscasset District Court, and the court (*Oram, J.*) granted him a temporary order on the same day. The court (*Tucker, J.*) later granted Weber a final protection from harassment order against O'Brien at a hearing on October 25, 2011.

[¶ 4] On October 24, 2011—the day before the final hearing on Weber's harassment complaint against her and more than three years after entry of her original protection order—O'Brien filed a new protection from abuse complaint, individually and on behalf of the daughter, against Weber in the Portland District Court. The complaint alleged that the person who served the protection from harassment complaint on O'Brien had stated that Weber had followed her to O'Brien's residence. The complaint also cited Weber's 2008 call to the daughter and stated that O'Brien and the daughter had decided not to renew the earlier protection order because Weber "was paying his child support and may want to seek a relationship with his daughter." The court (*Eggert, J.*) denied a temporary order for protection that same day.

[¶ 5] A final hearing on O'Brien's complaint (*Moskowitz, J.*) was held on November 7, 2011, at which the daughter and Weber testified. The hearing focused on the 2008 phone call between Weber and the daughter. O'Brien attempted to have the daughter testify concerning the allegation that Weber followed the process server to O'Brien's home, but the testimony was excluded on the basis of hearsay. At

---

1. At the hearing that resulted in the protection order that is the subject of this appeal, the daughter testified that she interpreted Weber's statement to mean that he was going to kill O'Brien and take her—the daughter— away. Weber testified that he intended to communicate to his daughter that he wanted to obtain custody of her, and that his primary purpose in making the call was to convince O'Brien to stop harassing his family.

the end of the hearing, the court found that Weber had abused the daughter based solely on the 2008 phone call. The court granted the daughter, but not O'Brien, a new two-year protection from abuse order against Weber.

## II. LEGAL ANALYSIS

[1, 2] [¶ 6] Weber argues that the protection from abuse statute does not authorize the court to grant a protection order based exclusively on an abusive act that was the subject of an expired protection order, without evidence of any additional act or acts supporting a new finding of abuse. We review the interpretation of a statute de novo. *Jusseaume v. Ducatt*, 2011 ME 43, ¶ 16, 15 A.3d 714.

[¶ 7] The statute requires that before a protection from abuse order is entered, the court must make a "finding that the defendant has committed the alleged abuse." 19–A M.R.S. § 4007(1) (2011); see *L'Heureux v. Michaud*, 2007 ME 149, ¶ 10, 938 A.2d 801 ("a finding of abuse is necessary to the issuance of a contested protective order"). There are several acts that constitute "abuse" as defined in the protection from abuse statute, *see* 19–A M.R.S. § 4002(1) (2011), including "[a]ttempting to place or placing another in fear of bodily injury," 19–A M.R.S. § 4002(1)(B).

[¶ 8] The statute also places a durational limit on protection orders, requiring that they be "for a fixed period not to exceed 2 years." 19–A M.R.S. § 4007(2). In addition, "[a]t the expiration of that time, the court may extend an order, *upon motion of the plaintiff*, for such additional time as it determines necessary to protect the plaintiff or minor child from abuse." *Id.* (emphasis added). Although the statute is silent as to how much time must transpire after a protection order has ex-

pired before the court may no longer grant an extension, it is implicit in the requirement that protection orders be for a "fixed period" that the extension occur either before expiration, or if after, as soon after the expiration date as is reasonably possible under the relevant circumstances. *See, e.g., Dyer v. Dyer*, 2010 ME 105, ¶¶ 3–5, 5 A.3d 1049.

[¶ 9] By the statute's plain language, an extension granted in response to a plaintiff's motion to extend is the exclusive means to extend a protection order beyond the two-year durational limit. The statute does not authorize the court to enter a new protection order to replace a previously expired protection order. Although evidence of a prior act or acts of abuse that were the basis for an expired protection order may be relevant in a new proceeding, that evidence is not by itself sufficient to meet the plaintiff's burden of proof in the new proceeding.[2] To conclude otherwise would be contrary to the express and unambiguous provisions of the statute, would undermine the finality of judgments issued pursuant to the statute, and would discourage plaintiffs from filing timely motions to extend existing protection orders.

[¶ 10] Because the protection from abuse order at issue here was based exclusively on proof of the same act—the 2008 phone conversation—that was the basis for a previously issued and long-expired protection order, we vacate the judgment and do not address Weber's remaining arguments.

The entry is:

Judgment vacated.

---

2. The prior act or acts of abuse may be relevant in a variety of ways—for example, to demonstrate the defendant's motive or intent by showing that a more recent act is part of a pattern of abusive conduct. *See* M.R. Evid. 406.