MAINE SUPREME JUDICIAL COURT                                        Reporter of Decisions
Decision:       2014 ME 126
Docket:         Cum-14-150
Argued:         October 9, 2014
Decided:        November 13, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and HJELM, JJ.

PAUL BEAUDRY et al.

v.

ALAN HARDING et al.

SAUFLEY, C.J.

[¶1]   Paul Beaudry, individually and purportedly on behalf of Northern Maine Transport, LLC (NMT) appeals from a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) granting summary judgment to Alan Harding and Hardings Law Offices.  The court concluded that Beaudry lacks the legal capacity to bring suit on behalf of an administratively dissolved LLC or derivatively and that Beaudry has no individual claim because he suffered no personal harm.  Beaudry argues that Maine's Limited Liability Company Act specifically authorizes administratively dissolved LLCs to prosecute claims and that justice requires us to treat his derivative claim as a direct claim.  Because we agree with the Superior Court that Maine law does not permit Beaudry to proceed on behalf of NMT under these circumstances, through a derivative action or individually, we affirm the judgment.

## I. BACKGROUND

[¶2] NMT is a Maine limited liability company with only two members, Paul Beaudry and Tyler Hallett. NMT was administratively dissolved on September 28, 2009.

[¶3] Beaudry's two-count complaint asserts claims against attorney Alan Harding for professional negligence and breach of fiduciary duty in 2010, when attorney Harding represented NMT and possibly Beaudry in facilitating a settlement between NMT and OneBeacon American Insurance Company to recover insurance proceeds after business property of NMT was destroyed by fire. Although OneBeacon and NMT eventually settled, Beaudry refused to honor the settlement agreement. In a separate matter, the United States District Court for the District of Maine (*Kravchuk, M.*) enforced the settlement agreement against Beaudry, finding that he had expressly agreed to the settlement terms.

[¶4] On October 9, 2012, Beaudry filed this action, individually and purportedly on behalf of NMT, alleging that Beaudry would not have settled the OneBeacon litigation had attorney Harding not committed legal malpractice. On June 10, 2013, Harding moved for summary judgment on both counts of Beaudry's complaint, asserting that (1) Beaudry lacked the legal capacity to bring suit on behalf of NMT because NMT was administratively dissolved and therefore could not prosecute suits on its own behalf; (2) Beaudry lacked the legal capacity to

bring a derivative suit because Maine law does not allow a member of a closely held LLC to bring a derivative suit, he did not have the consent of his co-member Hallett to bring suit on NMT's behalf, and justice does not require the court to treat the derivative suit as a direct claim; and (3) Beaudry had no basis to assert an individual claim against Harding when the only harm alleged by Beaudry—the loss of insurance proceeds pursuant to a policy issued to NMT—is not a harm that is personal to Beaudry. On March 13, 2014, the Superior Court granted Harding's motion for summary judgment on both counts of Beaudry's complaint. Beaudry timely appealed pursuant to 14 M.R.S. § 1851 (2013) and M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶5] We are unpersuaded by Beaudry's argument that he is authorized to bring a derivative claim, *see* 31 M.R.S. § 1637 (2013), or that he may bring an individual claim when the only harm alleged is not a harm that is personal to him. *See* 31 M.R.S. § 1631 (2013).[1] We focus on Beaudry's contention that Maine's Limited Liability Company Act specifically authorizes NMT, an administratively dissolved LLC, to prosecute claims to collect NMT's assets.[2]

---

[1] Beaudry concedes that he "is not claiming that he has suffered any injuries personal to him other than the insurance proceeds NMT would have received if Attorney Harding had not committed malpractice."

[2] NMT was organized under the former LLC Act. 31 M.R.S. §§ 621, 622 (2009). The current LLC Act applies "to all limited liability companies in existence on July 1, 2011," except in circumstances not present here. 31 M.R.S. § 1693(1) (2013). Because NMT still has a legal existence, the current LLC Act

4

[¶6]   When interpreting statutes, "[w]e examine the plain meaning of the statutory language seeking to give effect to the legislative intent, and we construe the statutory language to avoid absurd, illogical, or inconsistent results." *Cent. Me. Power Co. v. Devereux Marine, Inc.,* 2013 ME 37, ¶ 8, 68 A.3d 1262 (quotation marks omitted).  In so doing, we "construe the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the legislature, may be achieved." *Id.* (quotation marks omitted).  Furthermore, it is a fundamental principle of statutory construction "that a statute dealing with a subject specifically prevails over another statute dealing with the same subject generally." *Butler v. Killoran,* 1998 ME 147, ¶ 11, 714 A.2d 129.

[¶7]   Administratively dissolved LLCs are those that the Secretary of State dissolves because the LLC fails to follow the procedures imposed by the Act, such as paying mandatory fees and penalties or filing annual reports.  *See* 31 M.R.S. § 1591 (2013).  Section 1592 of the Act is entitled, "Procedure for and effect of administrative dissolution of limited liability company" and provides that "[t]he administrative dissolution of a limited liability company under this section does not impair . . . [t]he right of the limited liability company to *defend* any action, suit, or proceeding in any court of this State."  31 M.R.S. § 1592(4)(C) (2013) (emphasis

applies.  However, the provisions governing dissolution in the former and the current LLC Acts are identical.  *Compare* 31 M.R.S. § 1592(2) (2013), *with* 31 M.R.S. § 608-B(3) (2009).

added). In contrast, section 1596, entitled "Effect of dissolution," immediately follows the section pertaining to voluntary and judicial dissolution—the dissolution of an LLC through a stated happening in the LLC agreement, by the consent of all the members, or on application to the Superior Court by a member or holder of a transferable interest. Unlike section 1592 addressing administratively dissolved LLCs, section 1596 provides that the dissolution of an LLC does not "[p]revent the commencement of a proceeding by or against the limited liability company in its limited liability name." 31 M.R.S. § 1596(2)(B) (2013).

[¶8] Reading these sections in relation to the whole statutory scheme, the more specific statute governing the effect of administrative dissolution is controlling. *See Butler*, 1998 ME 147, ¶ 11, 714 A.2d 129. Thus, NMT, as an administratively dissolved LLC, is not authorized to prosecute claims; it may only defend claims. To interpret the Act otherwise would be to render subsections of section 1592 superfluous. If the Legislature intended the effects of dissolution on administratively dissolved LLCs to be identical to the effects of judicially or voluntarily dissolved LLCs, there would be no reason for the Legislature to include the provision that specifically sets forth the effects of administrative dissolution in section 1592.[3]

---

[3] The analysis is the same even if the LLC was dissolved under the prior act. *Compare* 31 M.R.S. § 608-B(4)(C) (2009) (stating that administrative dissolution does not impair "[t]he right of the domestic limited liability company to defend any action, suit or proceeding in any court of this State"), *with*

6

[¶9]  As a matter of law, Beaudry is barred from bringing suit on behalf of NMT—an administratively dissolved LLC—and the Superior Court did not err in granting summary judgment in Harding's favor.

The entry is:

>Judgment affirmed.

---

**On the briefs:**

>Michael J. Waxman, Esq., Portland, for appellant Paul Beaudry
>
>Wendell G. Large, Esq., and Heidi J. Hart, Esq., Richardson, Whitman, Large & Badger, Portland, for appellees Alan Harding, et al.

**At oral argument:**

>Michael J. Waxman, Esq., for appellant Paul Beaudry
>
>Heidi J. Hart, Esq., for appellees Alan Harding, et al.

Cumberland County Superior Court docket number CV-2013-446
FOR CLERK REFERENCE ONLY

---

31 M.R.S. § 703(2) (2009) (following the sections pertaining to voluntary and judicial dissolution and stating that "[u]pon dissolution of a limited liability company . . . the persons winding up a limited liability company's affairs . . . may prosecute and defend suits").