MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:      2021 ME 55
Docket:        Yor-21-49
Argued:        October 6, 2021
Decided:       November 4, 2021

Panel:         STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

MELANIE K. MARKS

v.

CHRISTOPHER L. MARKS

CONNORS, J.

[¶1]  Melanie K. Marks appeals from a denial by the District Court (York, *D. Driscoll, J.*) of her M.R. Civ. P. 60(b) motion for relief from judgment.  She contends that the court erroneously denied her motion on the ground that she was seeking a retroactive modification of child support instead of relief from judgment.  We disagree and affirm.

## I.  BACKGROUND

[¶2]  Melanie and Christopher L. Marks were divorced by a judgment entered in the District Court (*Najarian, M.*) in 2012.  The judgment incorporated a stipulated agreement providing that Christopher would pay $301.20 per week in child support for the parties' two children and $1 in spousal support

per year, subject to modification.[1] The stipulated agreement also provided that "[s]o long as there is any financial obligation pursuant to this [s]tipulation [a]greement and [d]ivorce [j]udgment, except the financial obligation for the payment of $1 per year in spousal support, then each party shall provide a copy of that party's federal tax return and W-2 to the other party on or before April 15th, and shall notify the other party of any increases in earnings within 30 days of receiving an increase in earnings."

[¶3] In 2014, the court (*Cadwallader, M.*) entered an order, agreed to by the parties, reducing Christopher's child support obligation because of a decrease in his income and because the parties' son had reached the age of majority. This order remained in effect until the parties' daughter reached the age of majority in 2019.

[¶4] In July 2019—after both children had reached the age of majority—Melanie filed three motions with the court: a Rule 60(b) motion, a motion for contempt, and a motion to modify spousal support. In her Rule 60(b) motion, Melanie claimed that Christopher's earnings had increased after the 2014 child support modification order but that he had failed to provide her with his tax

---

[1] Melanie was also required to pay spousal support for five years after the divorce in an amount dependent on the proceeds of her book sales.

returns or notify her about the increases in his earnings as required by the divorce judgment. Melanie argued that she was entitled to relief under M.R. Civ. P. 60(b)(3) and 60(b)(6) and should receive "an increased child support order [that would] begin 30 days from the date of [Christopher's] increase in earnings . . . which likely occurred in late 2014 or in 2015."

[¶5] In September 2019, the court (*Tice, J.*) granted Melanie's motion to consolidate the three motions, and the parties then proceeded to conduct discovery and attend an unsuccessful mediation. In April 2020, Christopher moved to dismiss Melanie's Rule 60(b) motion, and at a pretrial/status conference conducted in July, the court (*D. Driscoll, J.*) ordered that a one-day hearing on the pending motions be scheduled. For reasons not clear from the record, however, the court carved out the Rule 60(b) motion from the other pending motions and issued an order dated August 17, 2020, denying Christopher's motion to dismiss Melanie's Rule 60(b) motion but also providing that her Rule 60(b) motion would be decided "on the briefs."

[¶6] As a part of that briefing, Melanie submitted a copy of Christopher's deposition testimony in which he testified to receiving salary increases in 2014, 2015, and each year from 2017 to 2020. Christopher admitted that he had

never notified Melanie of those increases and that he had not provided Melanie with his tax returns from 2012 through 2018 until 2019.

[¶7] The court denied Melanie's Rule 60(b) motion, noting that Rule 60(b) motions collaterally attack an original judgment, while Melanie did not seek to set aside the divorce judgment but rather sought retroactive modification of a child support order.[2]

[¶8] Melanie timely appealed from the trial court's ruling, assuming that the ruling constituted a final, appealable judgment. *See* 14 M.R.S. § 1901(1) (2021); M.R. App. P. 2B(c).

## II. DISCUSSION

### A. The trial court's denial of the Rule 60(b) motion is a final, appealable judgment.

[¶9] Both parties agree that the trial court's denial of the Rule 60(b) motion is a final judgment subject to immediate appeal, but we consider this issue sua sponte. *See Bond v. Bond*, 2011 ME 105, ¶ 5, 30 A.3d 816.

[¶10] "The long-standing final judgment rule requires that, with limited exceptions, a party may not appeal a decision until a final judgment has been

---

[2] The court further noted that relief from judgment under Rule 60(b)(6) is only appropriate when the moving party has diligently pursued her rights and cannot be used as a mechanism for bringing untimely appeals. We need not reach Melanie's objection to this observation given our agreement with the court's ruling that the Rule 60(b) motion sought retroactive modification of a child support order.

rendered in the case." *Irving Oil, Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 8, 91 A.3d 594 (alteration and quotation marks omitted). Generally, for a judgment to be final, it must resolve all pending claims in the action, including counterclaims and claims against other parties. *See* M.R. Civ. P. 54(b)(1); *Bank of N.Y. v. Richardson*, 2011 ME 38, ¶¶ 7-8, 15 A.3d 756; *Estate of Dore v. Dore*, 2009 ME 21, ¶ 11, 965 A.2d 862.[3] Although not a jurisdictional requirement, *see Harding v. Comm'r of Marine Res.*, 510 A.2d 533, 535-36 (Me. 1986), this rule serves to prevent piecemeal litigation, curtail duplicative proceedings, minimize interference with the trial court, conserve judicial resources, and prevent the issuance of opinions that may become moot. *See Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 12, 974 A.2d 918.

[¶11] Accordingly, we address whether the fact that Melanie filed two other motions with her Rule 60(b) motion meant that she had to wait until all her motions were disposed of before appealing. As a practical matter, when multiple related post-judgment motions are filed contemporaneously, it is more efficient for the court to address them at the same time, and, as previously

---

[3] Melanie argues that M.R. Civ. P. 54(b)(1) does not apply to post-divorce motions because Rule 54(b) only applies to actions brought through the filing of complaints. This argument, however, overlooks M.R. Civ. P. 101(a), which provides that family law actions can be initiated by filing and serving complaints, petitions, or motions for post-judgment relief.

6

stated, the record does not reflect why the court chose to address these interconnected motions in a piecemeal fashion. But because the trial court did choose to rule separately, not only could Melanie appeal the denial of her Rule 60(b) motion within the twenty-one-day period for appealing final judgments, but she was required to do so, for two reasons. *See* M.R. App. P. 2B(c)(1).

[¶12] First, M.R. Civ. P. 115(b) provides that "any order relating to . . . parental rights and responsibilities including child support, . . . other than a temporary or interim order under these rules, shall be a final judgment notwithstanding the pendency of any other claim or counterclaim in the action." The ruling on Melanie's Rule 60(b) motion is an order "relating to . . . child support" and therefore is a final judgment under M.R. Civ. P. 115(b), even though Melanie's other motions remain pending. The order also fully disposed of the motion, so it was not a "temporary or interim order" that contemplated further proceedings. *See Bond*, 2011 ME 105, ¶¶ 5-6, 30 A.3d 816.

[¶13] Second, the consolidation of two or more motions for a joint hearing does not mean that a judgment on only one of those motions would not be final. *See* M.R. Civ. P. 42(a), 111(b). Consolidation is a tool of efficiency and convenience. *See* M.R. Civ. P. 42(c); *see also Howard v. Howard*, 2010 ME 83,

¶ 17, 2 A.3d 318. But consolidation does not merge motions—or actions—for purposes of finality. The Supreme Court of the United States, addressing a similar question under the federal analog to M.R. Civ. P. 42, concluded that consolidated cases "retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Hall v. Hall*, 584 U.S. ---, 138 S. Ct. 1118, 1131 (2018). We conclude that the same is true for matters consolidated under M.R. Civ. P. 42, and Rule 111(b) provides that Rule 42 governs consolidation in Family Division matters. Therefore, the judgment at issue in this appeal is final, notwithstanding the consolidation of Melanie's motions.

**B.    We review the trial court's decision for abuse of discretion.**

[¶14]  It is well-established that we review the denial of a Rule 60(b) motion for abuse of discretion. *See Provencher v. Provencher*, 2008 ME 12, ¶ 6, 938 A.2d 821. Nonetheless, Melanie asks us to move away from abuse-of-discretion review and instead apply a de novo standard to legal conclusions and a clear error standard to factual findings. Melanie contends that this change is necessary because the current abuse-of-discretion standard "offers little practical guidance and focuses the Court's attention on the entirety of the [m]otion, not differentiating between errors in law . . . and factual findings

or the application of the facts to the law correctly stated." We disagree and decline to change our standard of review.

[¶15] The abuse-of-discretion standard already accounts for the distinction between legal conclusions and factual findings. We have explained that "[r]eview for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness." *Haskell v. Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176 (quotation marks omitted).

## C.    The court properly denied the Rule 60(b) motion.

[¶16] Finally, the court did not abuse its discretion when it denied Melanie's Rule 60(b) motion.

[¶17] As the court noted, a motion for relief from judgment requests that a trial court use its equitable powers to set aside an existing judgment based on a showing of error or injustice "in the original judgment." *See Moulton v. Brown*, 627 A.2d 521, 523 (Me. 1993); *see also Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 9, 116 A.3d 458 ("A party seeking relief from a judgment

pursuant to Rule 60(b) has the burden of convincing the court that the judgment should be set aside.").  In her motion, Melanie does not seek to set aside either the original divorce judgment or the judgment modifying Christopher's child support obligation.  Instead, she seeks a modification of the amount of child support owed because of Christopher's noncompliance with the terms of the divorce judgment.

[¶18]    The trial court, moreover, lacked the authority to modify Christopher's child support obligation retroactively.  "Child support in Maine is governed by statute."  *Bouchard v. Frost*, 2004 ME 9, ¶ 14, 840 A.2d 109.  The relevant statute provides that "[c]hild support orders may be modified retroactively but only from the date that notice of a petition for modification has been served upon the opposing party."  19-A M.R.S. § 2009(2) (2021).[4]

[¶19] Contrary to Melanie's argument, the equitable authority that a trial court can exercise in granting relief from judgment is circumscribed by this clear statutory language.  *See Dep't of Hum. Servs. v. Blaisdell*, 2004 ME 62, ¶¶ 9-11, 847 A.2d 404; *Beck v. Beck*, 1999 ME 110, ¶ 8, 733 A.2d 981;

---

[4] We are not persuaded by Melanie's argument that she is seeking relief from "hundreds of final child support judgments"—referring to each child support payment due as a separate "judgment"—and not retroactive modification of child support.  Melanie herself stated in her Rule 60(b) motion and her memorandum of law that she sought modification of child support.

*cf. Bouchard*, 2004 ME 9, ¶¶ 15-16, 840 A.2d 109. Indeed, in *Blaisdell*, we noted that "[w]hile we have recognized that Rule 60(b) grants the trial court significant latitude in the exercise of its equitable powers, we have also held that the right to a child support payment vests when that payment becomes due." 2004 ME 62, ¶ 11, 847 A.2d 404. Once a payment obligation has vested, it may not be retroactively modified by a subsequent motion for relief from judgment. *See id.*; 19-A M.R.S. § 2009(2).

[¶20] Here, Melanie seeks retroactive modification of a child support order going back five years before her motion was filed. This is precisely the type of relief that the Legislature has foreclosed, and Melanie cannot circumvent the statute by styling her request as a motion for relief from judgment. The trial court properly concluded that it did not have the authority to modify Christopher's child support obligation retroactively, notwithstanding the unreported increases in his earnings.

The entry is:

> Judgment affirmed.

Patrick S. Bedard, Esq. (orally), Bedard & Bobrow, P.C., Eliot, for appellant Melanie K. Marks

Albert Hansen, Esq. (orally), Hansen Law Offices, PLLC, Kennebunk, for appellee Christopher L. Marks

York District Court docket number FM-2012-59
FOR CLERK REFERENCE ONLY