STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-11

ROBERT HACK,

Plaintiff/Appellee

v.

DECISION AND ORDER

LOWE'S HOME IMPROVEMENT
CENTER, LLC,

Defendant/Appellant

The matter before the court is defendant/appellant Lowe's Home Improvement Center, LLC's ("Lowes") appeal of the denial of a District Court (*Ham-Thompson, J.*) order denying a motion for relief from judgment pursuant to M.R. Civ. P. 60(b). Argument on the appeal was heard March 1, 2023.

M.R.S.C.P. 9 provides "[o]n the written request of a party setting forth reasons showing good cause, the court may, with or without hearing, correct, or relieve a party from, the effect of a judgment in accordance with Rule 60 of the Maine Rules of Civil Procedure." The Law Court has held that M.R.S.C.P. 9 incorporates M.R. Civ. P. 60(b) and is decided on an excusable neglect standard. *See Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 12, 834 A.2d 3; *Taylor v. Walker*, 2017 ME 218, ¶ 10, 173 A.3d 539.

The case was initially set for a final hearing on June 15, 2022. (Order on Def.'s Mot. for Relief from J. 1.) The clerk prepared a notice of hearing on May 9, 2022, which was sent to the parties' addresses on record. (*Id.*) On June 15, the parties attended mediation and were unable to resolve the case. (*Id.*) The District Court continued the matter to July 26, 2022. (*Id.*) On July 26, the parties appeared, though not all parties were physically present, and agreed to continue the

1

matter to a later date when the parties could all appear in-person. (*Id.*) The clerk prepared a notice of hearing on July 28, 2022 and sent it to the parties at their addresses of record once more. The District Court held a final hearing in this matter on August 23, 2022. Lowes did not appear at this hearing, so the District Court entered judgment for Mr. Hack.

Lowes moved to set aside the judgment pursuant to M.R. Civ. P. 60(b). Lowes's only excuse for not appearing at the August 23 hearing was that counsel did not receive advance notice of the hearing. This claim was supported only by an affidavit from Lowes's attorney averring the same. (*See* Edwards Aff.) The District Court denied the motion, noting that the court sent the notice to the same address of record that it had for previous hearings and had no indication that the notice was not received. (Order on Def.'s Mot. for Relief from J. 2.) Previous notices sent to the same address had reached Lowes's counsel. (*Id.*)

It is well-established that the appellate court reviews a denial of a Rule 60(b) motion for abuse of discretion. *Marks v. Marks*, 2021 ME 55, ¶ 14, 262 A.3d 1135. A review for abuse of discretion requires the court to resolve three questions: "(1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness." *Id.* ¶ 15 (quoting *Haskell v. Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176).

Lowes argues that the undisputed facts indicate that Lowes never received notice of the August 23 hearing. The District Court found that Lowes had been sent notice of the hearing to its address of record and had appeared twice before when sent notice to the same address. This was based on the District Court's own knowledge of the proceedings. The District Court also noted that it did not receive any indication that the notice did not reach Lowes's address. The District

Court did not abuse its discretion by concluding from these facts that Lowes had received the notice and simply failed to appear.

Lowes also highlights a comment made by the District Court that suggests Lowes should have known a hearing was coming and followed up with the District Court if no notice came. Lowes correctly notes that there is no obligation in the Rules of Small Claims Procedure[1] requiring a party to stay in contact with the District Court to receive notice. That said, the District Court did not abuse its discretion by finding that a notice had been sent to Lowes and was under no obligation to credit counsel's affidavit that he had never received it. The District Court had sufficient basis for denying the motion that this comment does not require a finding of abuse of discretion.

The entry is

> The judgment of the District Court is hereby AFFIRMED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: March 8, 2023

Harold Stewart, II
Justice, Superior Court

---

[1] Lowes actually cites the Maine Rules of Civil Procedure, but the Maine Rules of Small Claims Procedure do not have any such requirements either.