MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2025 ME 33
Docket:        Cum-24-183
Submitted
  On Briefs:   November 25, 2024
Decided:       March 27, 2025

Panel:         STANFILL, C.J., and HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

PAT DOE

v.

JARROD BURNHAM

DOUGLAS, J.

[¶1]   In this consolidated appeal, Pat Doe[1] appeals from judgments entered by the District Court (Portland, *Nofsinger, J.*) denying her motion to extend a protection from abuse order against Jarrod Burnham and denying her motion for relief from judgment.  Doe argues that the trial court erred when it concluded that it could not extend her protection order under 19-A M.R.S. § 4111 (2024) because it had expired.  Doe further argues that the trial court erred by denying her motion for relief from judgment.  *See* M.R. Civ. P. 60(b)(1).  We affirm both judgments.

---

[1]  Pursuant to federal law, we do not identify the plaintiff in a protection from abuse action and limit our description of events and locations to avoid revealing the identity or location of the protected party.  *See* 18 U.S.C.A. § 2265(d)(3) (Westlaw through Pub. L. No. 119-1).

## I. BACKGROUND

[¶2] The following facts and procedure, which are not disputed, are drawn from the record.

[¶3] In December 2021, Burnham and Doe filed complaints for protection from abuse against each other, with Burnham filing his complaint in Portland and Doe filing her complaint in Bangor. Doe's complaint was transferred to Portland for a consolidated hearing, which was held on January 14, 2022. After the hearing, the court (*Goranites, J.*) found that Burnham had abused Doe and granted Doe a two-year protection from abuse order. The order stated: "This order is effective forthwith and shall remain in full force and effect until 1/14/24 unless earlier modified or vacated by order of court . . . ."

[¶4] On January 4, 2024—ten days before the protection order was due to expire—Doe went to the courthouse in Bangor to file a motion to extend the protection order but was told by the court clerk that because the order had been issued in Portland, the motion to extend the order had to be filed in Portland. The court clerk assisted Doe with filling out the paperwork and provided her with an envelope addressed to the court in Portland. On January 13, 2024—the day before the protection order was due to expire—Doe

placed her motion in the mail in Bangor.  Because Doe did not put postage on the envelope, the motion never arrived in Portland.

[¶5]  Doe learned that the protection order had not been extended when Burnham sent her a text message on January 17, 2024.  Doe filed a new protection from abuse action that day at the courthouse in Bangor.[2]  Doe and Burnham, aided by counsel, negotiated an agreement whereby Burnham would consent to a one-year extension of the original protection order if Doe voluntarily dismissed the new complaint.  Burnham agreed to waive any defenses, jurisdictional and otherwise, pertaining to the expiration of the protection from abuse order.

[¶6]  Pursuant to the agreement, Doe filed a motion to extend the original protection order on February 12, 2024.  The motion stated:

> The parties agree to extend this PFA order for one year.  All parties agree to waive service and any jurisdictional defenses related to expiration of the PFA order in this case. . . .  Plaintiff is still in fear of Defendant based on the severity of his abuse and she also alleges that he has violated the PFA order.

The court (*Nofsinger, J.*) denied the motion, concluding that the protection order could not be extended because it had expired.

---

[2]  The court (*Szylvian, J.*) granted a temporary protection from abuse order and scheduled a final hearing.  The final hearing has been continued several times, pending the outcome of this appeal.

4

[¶7]   Doe timely filed a motion for reconsideration, citing *O'Brien v. Weber*, 2012 ME 98, ¶ 8, 48 A.3d 230, for the proposition that a motion to extend a protection order may be filed within a reasonable time after the expiration of the order.  *See* M.R. Civ. P. 7(b)(5), 59(e).  Doe also requested that the court make findings of fact and state its conclusions of law.  *See* M.R. Civ. P. 52(a).  After a hearing, the court denied Doe's motion, finding that Doe's failure to timely file a request for an extension was not the result of excusable neglect and concluding that the statute does not permit a court to extend an expired protection order, noting that the language on which Doe relied in *O'Brien* was dicta.[3]  Doe timely filed a notice of appeal.

[¶8]   Two weeks later, Doe filed a motion for relief from judgment.  *See* M.R. Civ. P. 60(b)(1).  Doe argued that her "inadvertent failure to attach sufficient postage to the envelope" constituted "excusable neglect."  Burnham opposed the motion.

---

[3]  At the hearing, the court asked the parties why their agreement could not be entered in the action pending in Bangor.  Doe stated that the parties would prefer not to "relitigate everything," and Burnham stated that an extension of the Portland order would not subject him "to a whole new PFA that can then be extended."  The court pointed out that a protection order entered by agreement would offer the same protection as one entered after a hearing and that protection orders are not limited to one extension, to which Burnham conceded that the difference might just be "an academic matter."

[¶9]  With leave from this Court, the trial court acted on the motion for relief from judgment.  After a hearing, the court entered an order denying Doe's motion for relief from judgment.  The court concluded that, even if Doe's failure to timely file the motion was the result of excusable neglect, relief was not available to Doe under M.R. Civ. P. 60(b)(1).  The court explained that the excusable neglect standard is applicable to deadlines established under the Maine Rules of Civil Procedure but not to deadlines established by statutes that confer authority on the court.  The court concluded that—despite the seriousness of the underlying abuse, the sympathetic circumstances around the mailing of the motion, and the parties' agreement to extend the motion—it did not have the authority to extend an expired protection order under 19-A M.R.S. § 4111.

[¶10]  Doe timely filed a second notice of appeal, and we consolidated the appeals.

## II. DISCUSSION

### A.      Extension of a Protection from Abuse Order

[¶11]  Doe contends that the court erred when it concluded that it lacked authority under 19-A M.R.S. § 4111 to extend an expired protection order.

[¶12]  We review de novo a trial court's interpretation of a statute by first considering the plain language of the statute.  *Dyer v. Dyer*, 2010 ME 105, ¶ 7, 5 A.3d 1049.  If the statute is unambiguous, we will base our interpretation only on the statute's plain language.  *Doe v. Roe*, 2022 ME 39, ¶ 18, 277 A.3d 369.  If the statute is ambiguous, we will consider other indicia of legislative intent, such as the statute's purpose or its legislative history.  *Id.*   Language is ambiguous if it is subject to multiple reasonable meanings.  *Copp v. Liberty*, 2008 ME 97, ¶ 6, 952 A.2d 976.  "[W]e construe the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the legislature, may be achieved."  *Beaudry v. Harding*, 2014 ME 126, ¶ 6, 104 A.3d 134 (quotation marks omitted).

[¶13]   Protection from abuse matters are governed by 19-A M.R.S. §§ 4101-4116 (2024).  Among these statutes, two sections are relevant to the issue before us: sections 4110 and 4111.  Section 4110(1) concerns final protection orders and provides that a "court, after a hearing or opportunity for

hearing and upon finding that the defendant has committed the abuse or conduct specified in section 4103, may grant a final protection order to bring about the cessation of the abuse or alleged conduct." Section 4110(5)(A) provides that a final protection order "must be for a *fixed period not to exceed 2 years*, unless extended by the court pursuant to section 4111." (Emphasis added.) Section 4111(1) governs extensions of protection orders and provides that a "court may *extend* a final protection order . . . *at the time of expiration*, upon motion of the plaintiff, for such additional time as the court determines necessary to protect the plaintiff . . . from abuse." (Emphasis added.) It further states that a "court may continue the final protection order *in effect* until a hearing . . . on the motion to extend." (Emphasis added.)

[¶14] Construing the unambiguous language of the relevant statutes, we conclude that an expired protection order cannot be extended. As noted, section 4110(5)(A) provides that a final protection order must be for a "fixed period not to exceed 2 years." An interpretation of the statute that would allow a protection order to be extended after the "fixed period not to exceed 2 years" would render this language meaningless. *Id.*; *see Cent. Me. Power Co. v. Devereux Marine, Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262 (stating that all words in a statute must be given meaning).

8

[¶15]  We must also interpret section 4111(1) in a manner that will not render any of the language meaningless or superfluous.  *See Wong v. Hawk*, 2012 ME 125, ¶ 8, 55 A.3d 425.  As stated above, section 4111(1) permits a court, upon motion of the plaintiff, to "extend" a protection order "at the time of expiration" and further permits a court to "continue the final protection order in effect" until a hearing on the motion to extend can be held.  "[E]xtend" and "in effect" must be given their ordinary meaning. *See State v. Marquis*, 2023 ME 16, ¶ 14, 290 A.3d 96 ("Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common and ordinary meaning, such as the average person would usually ascribe to them." (alteration and quotation marks omitted)).  To construe "extend" to mean "revive" and "in effect" to mean "expired" would require us to confer new and, to some degree, contrary definitions to these common words.  Furthermore, to interpret the provision allowing a court to extend a protection order until a hearing on a timely motion can be held as allowing a court to revive and extend an expired protection order when an untimely motion is filed would turn a limited grant of authority into a potentially limitless one.  *See Blue Yonder, LLC v. State Tax Assessor*, 2011 ME 49, ¶ 10, 17 A.3d 667 (stating that additional language will not be read into a statute).

[¶16]  Doe contends that the phrase "at the time of expiration" in section 4111(1) should be liberally construed to mean that a motion to extend may be filed during the "general period around the expiration."  Doe's contention is unpersuasive for two reasons.  First, the phrase "at the time of expiration," when read in context, plainly refers to the date on which a court order extending a protection order takes effect and not to a plaintiff's filing of a motion to extend.  19-A M.R.S. § 4111(1).  Second, we cannot engraft a grace period onto the statute when the plain language does not support it.  If the Legislature had intended to allow courts to extend protection orders after their expiration, it would have expressly stated so.  The Legislature has the capacity to change the statute, if it so chooses.

[¶17]  This construction is consistent with precedent interpreting other provisions of the statutes governing protection orders.  For example, in *Gehrke v. Gehrke*, 2015 ME 58, ¶¶ 16-22, 115 A.3d 1252, we decided what evidence may be considered when deciding whether to extend a protection order.  We stated, "When a court's order of protection has expired, some new conduct meeting the definition of abuse must be shown for the court to issue a new order of protection.  By contrast, when a party, *before an order of protection has expired*, requests the *extension* of that order, a court can, and often will, base its

10

determination in part on the underlying reasons that the initial order was entered." *Id.* ¶ 19 (emphasis added and citation omitted); *see also Doe v. Tierney*, 2018 ME 101, ¶ 11, 189 A.3d 756 (stating that a court may extend a protection order "prior to the expiration date of that original order" only by agreement of the parties or upon a finding of abuse).

[¶18] Doe relies on dicta in *O'Brien*, 2012 ME 98, ¶ 8, 48 A.3d 230, to support her position. In interpreting a prior version of the statute,[4] we stated:

> Although the statute is silent as to how much time must transpire after a protection order has expired before the court may no longer grant an extension, it is implicit in the requirement that protection orders be for a "fixed period" that the extension occur either before expiration, or if after, as soon after the expiration date as is reasonably possible under the relevant circumstances.

*Id.* The issue in *O'Brien*, however, was not whether a plaintiff must file a motion to extend before the expiration of an order but whether a plaintiff could seek a new protection order based solely on conduct that had formed the basis of a

---

[4] The prior statute read:

**2. Duration.** A protective order or approved consent agreement is for a fixed period not to exceed 2 years. At the expiration of that time, the court may extend an order, upon motion of the plaintiff, for such additional time as it determines necessary to protect the plaintiff or minor child from abuse. The court may continue the order in effect until the hearing under section 4006, subsection 1 on the motion to extend. Upon motion by either party, for sufficient cause, the court may modify the order or agreement from time to time as circumstances require.

19-A M.R.S. § 4007(2) (2011). The protection from abuse statutes have since been repealed and replaced. *See* P.L. 2021, ch. 647, §§ A-2, A-3, B-65 (effective Jan. 1, 2023).

prior order that had expired.  Therefore, we did not decide in *O'Brien* the issue that is currently before us.

[¶19]  Because 19-A M.R.S. § 4111(1) unambiguously provides that a trial court may not extend an expired order for protection from abuse, the trial court did not err in denying Doe's motion to extend.

## B.    Excusable Neglect

[¶20]  Doe contends that the trial court erred by denying her motion for relief from judgment, arguing that she established that her failure to timely file her motion to extend was the result of excusable neglect and that such relief would promote the purposes of the protection from abuse statutes.

[¶21]   We review a trial court's denial of a motion for relief from judgment for clear error or an abuse of discretion, *Scott v. Lipman & Katz, P.A.*, 648 A.2d 969, 972 (Me. 1994), and review de novo the interpretation of court rules, *Bridges v. Caouette*, 2020 ME 50, ¶ 10, 230 A.3d 1.

[¶22]  Rule 60(b)(1) states: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." A party filing a motion for relief from judgment pursuant to M.R. Civ. P. 60(b) requests that a trial court use its equitable powers to set aside a judgment based

on a showing of error or injustice. *Marks v. Marks*, 2021 ME 55, ¶ 17, 262 A.3d 1135; *see also Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 6, 940 A.2d 1082 ("The party seeking relief from judgment pursuant M.R. Civ. P. 60(b) bears the burden of proving that the judgment should be set aside." (quotation marks omitted)). A motion for relief from judgment cannot be used, however, to invite a court to circumvent a statute that defines the court's authority. *Marks*, 2021 ME 55, ¶¶ 17-20, 262 A.3d 1135.

[¶23] Here, the court entered a judgment denying Doe's motion to extend based on its interpretation of 19-A M.R.S. § 4111(1) that it did not have statutory authority to grant the motion, an interpretation with which we agree. As the trial court pointed out, whether or not Doe could establish in her motion for relief from judgment that she had a good excuse for not timely filing her motion to extend was irrelevant to the court's determination of its authority conferred by statute. Doe did not seek relief from the court's denial of her motion to extend but rather sought relief from the statutory requirement that a motion to extend be filed before the expiration of a protection order. In other words, what Doe denominated a motion for relief from judgment was nothing more than a motion for reconsideration.

[¶24]   Because a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(1) cannot be used to overcome the clear provisions of 19-A M.R.S. § 4111 prohibiting a court from reviving an expired protection order, we conclude that the trial court did not err in denying Doe's motion for relief from judgment.  *See Marks*, 2021 ME 55, ¶¶ 17-20, 262 A.3d 1135 (holding that a court cannot use its equitable powers under Rule 60(b) to grant relief that has been foreclosed by the Legislature); *cf. Harris Baking Co. v. Mazzeo*, 294 A.2d 445, 450-52 (Me. 1972) (stating that a Rule 60(b) motion could not be used to sidestep the time within which a notice of appeal may be filed because the appellate rules are the exclusive governing provisions concerning not only the prescription of the time periods but also extensions thereof).

The entry is:

Judgment affirmed.

---

Jess Mizzi, Esq., and Maris Hubbard, Esq., Pine Tree Legal Assistance, Portland, for appellant Pat Doe

Jarrod Burnham did not file a brief

Portland District Court docket number PA-2021-974